# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD E. MASSIE | ) |
| and | ) |
| GLOBAL NETWORK COMMUNICATIONS, | ) |
| INC., | ) |
| | ) |
| Defendants | ) |

Case No. 1:08-cv-00116-EGS

## MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(1), Plaintiff Cole Raywid & Braverman, LLP ("CRB") hereby moves for entry of default judgment by the Clerk of this Court against Defendant Ronald E. Massie and Defendant Global Network Communications, Inc. ("Global") in the amount of $319,719.89. Entry of default judgment by the Clerk of this Court is appropriate under Rule 55(b)(1) because Plaintiff CRB's claim against Defendants Massie and Global is "for a sum certain or for a sum which can by computation be made certain," Fed. R. Civ. P. 55(b)(1), and the Clerk already has entered default against Defendants Global and Massie under Rule 55(a). Defendants were to answer or otherwise respond to Plaintiff CRB's Complaint no later than February 19, 2008 (Defendant Massie was required to answer or otherwise respond slightly earlier, having been served earlier), and both have failed to do so *to this date.* Defendants Massie and Global have failed even to appear before this Court, despite

entering contracts with Plaintiff that made jurisdiction and venue proper in this District.  *See* Complaint ¶ 6.[1]

In the alternative, Plaintiff CRB moves for entry of default judgment by the Court against Defendants Massie and Global in the amount of $319,719.89 under Rule 55(b)(2).  As shown in the attached Statement of Points and Authorities, Plaintiff CRB is entitled to a default judgment in the amount of $319,719.89.

DATED:  April 22, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

Ronald G. London – D.C. Bar No. 456284
David M. Shapiro – D.C. Bar. No. 501909
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C.  20006
(202) 973-4200

ATTORNEYS FOR PLAINTIFF

---

[1] Even in the absence of such agreements, jurisdiction and venue would be proper pursuant to 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1332(a)(1), because Defendants contracted with Plaintiff, a business domiciled and performing services in this District, and otherwise availed themselves of the laws of this jurisdiction.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLE RAYWID & BRAVERMAN, LLP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD E. MASSIE | ) | Case No. 1:08-cv-00116-EGS |
| and | ) | |
| GLOBAL NETWORK COMMUNICATIONS, | ) | |
| INC., | ) | |
| | ) | |
| Defendants | ) | |

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Defendants Global Network Communications ("Global") and its principal Ronald E. Massie, after years of delaying and evading payment of outstanding legal fees owed to Plaintiff Cole Raywid & Braverman, LLP ("CRB") through a series of false promises to pay and bad checks, now attempt to escape payment by refusing to appear before this Court and answer Plaintiff's Complaint, notwithstanding that Defendants have each entered contracts agreeing that jurisdiction and venue are proper in this Court with respect to any litigation arising therefrom. The Clerk of this Court entered default on April 8, 2008 pursuant to Federal Rule of Civil Procedure 55(a), and as demonstrated by declarations submitted herewith, Defendants are liable to CRB in the amount of $319,719.89. As such, entry of default by the Clerk of this Court is required by Rule 55(b)(1). In the alternative, the Court should enter default under Rule 55(b)(2).

## I. Background

Plaintiff began representing Defendant Global in 2003, and the parties entered into a Fee Agreement. Complaint ¶ 8. Global soon fell into arrears, and the terms of representation were renegotiated so as to resolve outstanding debts owed to CRB for services through November 2003. *Id.* ¶¶ 15-22. On December 14, 2004, Defendant Global and Defendant Massie, Global's CEO, again agreed to pay CRB's legal fees and expenses pursuant to an Amended Fee Agreement and Guaranty in which Massie personally guaranteed Global's indebtedness to CRB. *See* Complaint ¶¶ 9-11. But Defendants Global and Massie again failed to make payments and were again substantially in debt in 2004. *Id.* ¶ 14. Through a series of unfulfilled promises to pay and bad checks, Defendants Global and Massie futher deferred payment as their indebtedness to CRB continued to mount, and CRB continued to provide legal services. *Id.* ¶¶ 25, 31. As a result of Defendants' continued failure to make good on promises to pay, after attempting to work out payment options and accommodations with Defendants throughout the course of over three years of representation and after the conclusion thereof, Plaintiff CRB filed this suit to recover legal fees and costs owed. *Id.* ¶ 35.

Defendant Massie was served with the Summons and Complaint on Janauary 25, 2008, and Defendant Global was served with the Summons and Complaint on January 30, 2008. *See* Docket Nos. 2 & 3 (Returns of Service). As indicated in Docket Entries 2 and 3, Massie was required to answer by February 14, 2008, and Global was required to do so by February 19, 2008. *See id.*; *see also* Fed. R. Civ. P. 12(a)(1).

Undersigned counsel for Plaintiff CRB was contacted by Joe Garland, non-local counsel for Defendants, on two separate occasions, first to request a two-week extension, and, when that

extension was on the verge of expiring, to request a second 30-day extension,[2] both of which

requests were met with Plaintiff's consent  The second 30-day extension expired on March 31,

2008 as to Defendant Massie and on April 3, 2008 as to Defendant Global.

Nearly two months after the deadline under the Federal Rules of Civil Procedure, and

following the expiration of the two informal extensions to which CRB agreed, on April 7, 2008,

Plaintiff CRB requested the Clerk of this Court to enter default against Defendants Global and

Massie, and the Clerk did so the following day.  *See* Docket Nos. 6 & 7.  Two weeks later,

Defendants Global and Massie still have failed to appear in this case, much less answer or

respond to the Complaint.

As documented in the declarations of Robert G. Scott, Gus Kringen, and Scott Flitchtbeil

submitted herewith, pursuant to the Fee Agreement and Amended Fee Agreement with Plaintiff

CRB that Defendant Massie signed on behalf of Defendant Global, and Defendant Massie's

personal Guaranty of Global's indebtedness to Plaintiff CRB, Defendants Massie and Global are

liable to Plaintiff CRB in the amount of $319,719.89.  This figure represents the sum of the

follwing:

- Principal owed for fees and expenses arising from representation under the Fee Agreement, Amended Fee Agreement, and Guaranty: $266,472.16.[3]

---

[2] Mr. Garland has contacted undersigned counsel regarding this case, but it is unclear whether that has been in a representative capacity in this matter specifically, or simply as a result of Mr. Garland representing Global and Massie generally and communicating on their behalf in this case only until they could retain (D.C.) counsel for this specific matter.

[3] *See* Declaration of Robert G. Scott ("Scott Decl.") ¶ 20; Declaration of Gus Kringen ("Kringen Decl.") ¶ 37 and Exs. A-Z thereto.  In the invoices attached as exhibits to the Kringen Declaration, the descriptions of the tasks performed by CRB for Defendants have been redacted to avoid potential confidentiality or privilege issues.  *See* D.C. Rule Prof. Conduct 1.6(e)(5) & 1.6, Cmt. 26-27 (with respect to the duty of confidentiality and attorney-client privilege in the context of subsequent litigation between attorney and client, "the lawyer should continue, throughout the [fee collection] action to make every effort to avoid unnecessary disclosure of the client's confidences and secrets and to limit the disclosure to those having the need to know it").

- Interest on Principal Owed for Representation, calculated at 6% simple interest: $38,642.04.[4]

- Counsel Press Settlement: $6,000.00.[5]

- Fees and expenses for this collection litigation: $8605.69.[6]

## II. Plaintiff CRB Is Entitled to Judgment by Default Against Defendants

Federal Rule of Civil Procedure 55(b)(1) requires the Clerk of this Court to enter judgment by default where (1) "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain," (2) "the defendant has been defaulted for failure to appear," and (3) the defendant "is not an infant or an incompetent person." Fed. R. Civ. P. 55(b)(1). All of these requirements are met here. As explained above and in the declarations submitted herewith, Plaintiff CRB's request for entry of default judgment in the amount of $319,719.89 reflects the sum certain that Defendants Massie and Global owe Plaintiff CRB. The Clerk of this Court entered default against Defendants Global and Massie for failure to appear on April 8, 2004. *See* Docket Nos. 6 & 7. Defendant Massie is neither an infant nor an incompetent person, Scott Decl. ¶ 4, and Defendant Global is not a natural person at all. Accordingly, Rule 55(b)(1) requires the Clerk of this Court to enter judgment of default.

In the alternative, Rule 55(b)(2) requires the Court to enter default judgment against Defendants Massie and Global. The declarations submitted herewith provide the evidentiary

---

CRB will provide the unredacted invoices if ordered to do so by this Court or if Defendants waive privilege.

[4] *See* Scott Decl. ¶ 20; Declaration of Scott Flitchtbeil ("Flichtbeil Decl.") ¶ 4. Under the D.C. Code, "[t]he rate of interest in the District upon the loan or forbearance of money, goods, or things in action in the absence of expressed contract, is 6% per annum." DC ST 28-3302(a).

[5] *See* Scott Decl. ¶¶ 15-20.

[6] *See* Scott Decl. ¶¶ 11-14, 21.

support necessary to demonstrate that Plaintiff CRB is entitled to a default judgment in the amount of $319,719.89 and obviate the need for a hearing, and in light of Defendants' evasion of payment for legal services for four years and their continuing refusal to respond to Plaintiff's Complaint, Plaintiff respectfully requests that the Court enter judgment as expeditiously as possible.[7] Should the Court determine that a hearing is necessary, given the delays Plaintiff has encountered due to Defendants' conduct, Plaintiff respectfully requests the earliest possible hearing date.

DATED:  April 22, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

Ronald G. London – D.C. Bar No. 456284
David M. Shapiro – D.C. Bar. No. 501909
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C.  20006
(202) 973-4200


ATTORNEYS FOR PLAINTIFF

---

[7] Service of the Motion for Default Judgment and accompanying documents is not required under Federal Rule of Civil Procedure 5(a)(2), which provides that "[n]o service is required on a party who is in default for failing to appear," Fed. R. Civ. P. 5(a)(2), and no attorney for Defendants Global and Massie is registered to receive filings through this Court's electronic filing system. Nonetheless, courtesy copies of Docket Nos. 4-7 as well as the instant filings are being sent to Mr. Garland, non-local counsel for Defendants Global and Massie, who contacted counsel for plaintiff CRB regarding extensions, as noted above. *See supa* at 3 & n.2. Courtesy copies are also being sent to Defendant Massie and Defendant Global at the addresses where they were served with the summons.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RONALD E. MASSIE ) | Case No. 1:08-cv-00116-EGS |
| and ) | |
| GLOBAL NETWORK COMMUNICATIONS, ) | |
| INC. ) | |
| ) | |
| Defendants ) | |
| ) | |

## DECLARATION OF ROBERT G. SCOTT

I, Robert G. Scott, declare under penalty of perjury as follows:

1.    I am a partner at the law firm Davis Wright Tremaine LLP, 1919 Pennsylvania Avenue, NW, Suite 200, Washington, DC 20006 ("DWT"). I was a partner at the law firm Cole Raywid & Braverman, LLP ("CRB"), prior to the merger of CRB and DWT.

2.    I was the lead attorney who represented Defendant Global Network Communications, Inc. ("Defendant Global") and who performed and oversaw the legal work for which Defendant Global and Defendant Ronald Massie ("Defendant Massie") have refused to pay.

3.    I submit this declaration in support of CRB's Motion for Default Judgment and to explain the total amount owed by Defendants Massie and Global.

4.    Defendant Massie is neither an infant nor an incompetent person.

5.    Defendant Global retained CRB to represent it in an action against the City of New York regarding regulation of Defendant Global's Public Pay Telephone business within the

City, and on October 17, 2003, executed a Fee Agreement memorializing the attorney-client relationship and formalizing the parties' business relationship. A true and correct copy of the Fee Agreement is attached hereto as Exhibit A.

6.      As stated in CRB's Complaint, Defendants Global and Massie failed to pay outstanding balances to CRB. Following such failure to pay, CRB and Defendant Massie, on behalf of Defendant Global, agreed in December 2003 to resolve outstanding debts owed to CRB for services before December 1, 2003 as follows: Global would pay CRB $39,000 in addition to all funds Global had already provided to CRB (including funds in escrow).

7.      In January 2004, CRB received checks totaling $39,000 from Defendant Massie, such that outstanding debts owed for legal services and expenses for work performed before December 1, 2003 were resolved.

8.      Defendant Global and CRB executed an Amended Fee Agreement on December 14, 2004, with Massie signing as CEO of Global, and on that same Day, Defendant Massie executed a Guaranty in which he personally guaranteed Global's indebtedness to CRB. A true and correct copy of the Guaranty is attached hereto as Exhibit B. A true and correct copy of the Amended Fee Agreement is attached hereto as Exhibit C.

### Principal Owed For Representation

9.      In light of the agreement reached in December 2003, *see supra* ¶ 6, the <u>Principal Owed For Representation</u> is the sum of all fees and expenses for work performed by CRB after December 1, 2003, minus payments received after January 2004. As stated in the Declaration of Gus Kringen, the <u>Principal Owed For Representation</u> is $266,472.16. *See* Kringen Decl. ¶ 37.

2

### Interest On Principal Owed For Representation

10.     As stated in the Declaration of Scott Flichtbeil, Defendants Massie and Global have also incurred $38,642.04 in interest on the Principal Owed for Representation, calculated at 6% simple interest per annum.  *See* Flichtbeil Decl. ¶ 4.  Accordingly, the <u>Interest on Principal Owed For Representation</u> is $38,642.04.

### Fees and Expenses For Collection Litigation

11.     Under the terms of the Fee Agreement, Amended Fee Agreement, and Guaranty, Defendants Global and Massie are also liable for attorneys fees and expenses incurred in this litigation.

12.     Defendant Global agreed in the Fee Agreement that "[s]hould [Defendant Global] not promptly pay any amounts due under this Agreement, and should it become necessary for CRB to institute collection procedures, including the retaining of attorneys and/or commencement of an action in court to collect such sums, [Defendant Global] agrees to pay all costs and attorneys fees incurred incident to such collection efforts."  Fee Agreement at 1.

13.     Defendant Global agreed in the Amended Fee Agreement that should it "not promptly pay any amounts due under this Agreement, and should it become necessary for CRB to institute collection procedures, including the retaining of attorneys and/or commencement of an action in court to collect such sums," Defendant Global would "pay all costs and attorneys fees incurred incident to such collection efforts."  Amended Fee Agreement at 3.

14.     On January 1, 2007, CRB merged with DWT, and collection work performed in this matter was thereafter performed by DWT.  The chart attached hereto as Exhibit D lists the collection fees incurred by DWT in this collection action, and the chart attached as Exhibit E

lists collection expenses incurred by DWT in this collection action. As indicated by the figures in these charts, <u>Collection Fees And Expenses = $8,605.69.</u> [1]

<strong>Counsel Press Settlement</strong>

15.    As stated in the Complaint, CRB used Counsel Press, Inc. ("Counsel Press"), a printer, to prepare and file appellate briefs and a joint appendix on behalf of Defendant Global in the Second Circuit.

16.    Under the Fee Agreement and Amended Fee Agreement, Defendants Massie and Global were obligated to pay all expenses reasonably incurred by CRB in the representation. Fee Agreement at 1; Amended Fee Agreement at 2.

17.    CRB requested that Defendants Massie and Global pay Counsel Press directly for printing costs in advance of the printing services. Defendant Massie advised CRB that he would pay the printer fees directly himself and informed CRB that he spoke with Counsel Press' representative to make arrangements for the payment.

18.    Neither Defendant Global nor Defendant Massie ever paid Counsel Press for its services, and Counsel Press eventually sued CRB in the Civil Court for the City of New York. CRB entered into a settlement agreement in December 2006 and paid $6,000 to settle Defendant Global's debt to Counsel Press. A true and correct copy of the settlement agreement with Counsel Press is attached hereto as Exhibit F.

19.    Accordingly, Defendants Massie and Global are liable for the <u>Counsel Press Settlement</u> in the amount of $6,000.

---

[1] The fees and expenses have been greatly reduced from actual fees and expenses based on the exercise of billing judgment by the attorneys handling this matter, as indicated by entries that have been lined out in Exhibits D and E. The $8605.69 total includes only entries that have not been lined out.

**Total Amount Owned By Defendants**

20.    The total amount owed by Defendants Massie and Global is $319,719.89, the sum

of the following items:

| | |
|---|---|
| Principal Owed For Representation | $266,472.16 |
| Interest on Principal Owed For Representation | $38,642.04 |
| Counsel Press Settlement | $6,000.00 |
| Total Collection Fees and Expenses | $8605.69 |
| **TOTAL OWED BY DEFENDANTS** | **$319,719.89** |

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on April 21, 2008

Robert G. Scott

# EXHIBIT A

# COLE, RAYWID & BRAVERMAN, L.L.P.

### FEE AGREEMENT WITH GLOBAL NETWORK COMMUNICATIONS, INC.

**I.    *AGREEMENT TO RETAIN CRB*:** GLOBAL NETWORK COMMUNICATIONS, INC., a New York corporation wholly owned by Ronald J. Massie as of September 16, 2003 ("GNCI"), hereby retains and employs the law firm of COLE, RAYWID & BRAVERMAN, L.L.P. ("CRB") as its attorneys at law with power of attorney to represent it in litigation and related representation against the City of New York, New York ("City"), regarding the City's regulation of GNCI's Public Pay Telephone ("PPT") business within the City (the "Litigation"), to take all actions necessary in connection therewith, including the defense, prosecution, compromise or settlement of the claims and defenses in the Litigation on GNCI's behalf, should any such action prove necessary at any time. CRB's representation of GNCI may also include general legal advice, negotiations, administrative proceedings, the possible settlement or compromise of claims, in connection with the Litigation and such other matters as GNCI may direct.

**II.    *FEES*:** In consideration of the legal services provided by CRB, GNCI agrees to pay CRB on an hourly basis, at its then prevailing standard hourly rates, for all services rendered on its behalf.

**III.    *EXPENSES*:** GNCI will be liable for all expenses reasonably incurred by CRB in representing it. These expenses may include some or all of the following: filing fees, copying charges, telephone charges, local counsel fees, travel charges, secretarial overtime, computerized legal research, messenger fees, and other incidental expenses.

**IV.    *BILLING & PAYMENT; SERVICE CHARGE*:**

A.    GNCI understands that, given the nature of the Litigation and the potential for GNCI to incur significant fees in any given month, timely payment of invoices from CRB is essential to the maintenance of the attorney-client relationship. CRB will render monthly invoices for legal services and expenses. Within seven (7) business days from receipt of each invoice, GNCI shall pay CRB in full via overnight mail or wire transfer. In the event that GNCI fails to pay CRB as required by this Agreement, then CRB may discontinue performing legal services for GNCI, and may withdraw from representation of GNCI, so long as such termination and withdrawal is otherwise consistent with CRB's ethical and legal obligations to GNCI.

**V.    *COLLECTION; ATTORNEY FEES*:** Should GNCI not promptly pay any amounts due under this Agreement, and should it become necessary for CRB to institute collection procedures, including the retaining of attorneys and/or commencement of an action in court to collect such sums, GNCI agrees to pay all costs and attorneys fees incurred incident to ~~GNCI also agrees that any such action may be brought in any of the~~

payment of fees, GNCI may elect to resolve the matter through arbitration, which shall be binding on the parties, under the rules of the American Arbitration Association.

**VII.    *RETAINER*:** GNCI agrees to pay CRB as a retainer, the sum of fifty thousand dollars ($50,000.00) as follows: twenty-five thousand dollars ($25,000) on or before September 26, 2003, and twenty-five thousand dollars ($25,000) on or before October 31, 2003. Such sum shall be maintained in the firm's escrow account, and shall be held as a reserve to be applied against any amounts due and owing from GNCI to CRB. CRB may apply any or all of this retainer to amounts due and owing from GNCI at any time, but the parties understand that this retainer is a reserve, and shall not relieve GNCI of its obligation to pay monthly prepayments and payments as otherwise required under this Agreement. GNCI's retainer shall be held by CRB in an interest-bearing account, and CRB shall refund the entire retainer to GNCI, less any amounts owed to CRB, plus all interest earned in escrow, upon the earlier of the completion of the Litigation or CRB's withdrawal from representation of GNCI.

**VIII.    *CONFLICT WAIVER*:** CRB currently represents AT&T Corp. and other existing

**I.    AGREEMENT TO RETAIN CRB**: GLOBAL NETWORK COMMUNICATIONS, INC., a New York corporation wholly owned by Ronald J. Massie as of September 16, 2003 ("GNCI"), hereby retains and employs the law firm of COLE, RAYWID & BRAVERMAN, L.L.P. ("CRB") as its attorneys at law with power of attorney to represent it in litigation and related representation against the City of New York, New York ("City"), regarding the City's regulation of GNCI's Public Pay Telephone ("PPT") business within the City (the "Litigation"), to take all actions necessary in connection therewith, including the defense, prosecution, compromise or settlement of the claims and defenses in the Litigation on GNCI's behalf, should any such action prove necessary at any time. CRB's representation of GNCI may also include general legal advice, negotiations, administrative proceedings, the possible settlement or compromise of claims, in connection with the Litigation and such other matters as GNCI may direct.

**II.    FEES**: In consideration of the legal services provided by CRB, GNCI agrees to pay CRB on an hourly basis, at its then prevailing standard hourly rates, for all services rendered on its behalf.

**III.    EXPENSES**: GNCI will be liable for all expenses reasonably incurred by CRB in representing it. These expenses may include some or all of the following: filing fees, copying charges, telephone charges, local counsel fees, travel charges, secretarial overtime, computerized legal research, messenger fees, and other incidental expenses.

**IV.    BILLING & PAYMENT; SERVICE CHARGE**:

**A.    GNCI** understands that, given the nature of the Litigation and the potential for GNCI to incur significant fees in any given month, timely payment of invoices from CRB is essential to the maintenance of the attorney-client relationship. CRB will render monthly invoices for legal services and expenses. Within seven (7) business days from receipt of each invoice, GNCI shall pay CRB in full via overnight mail or wire transfer. In the event that GNCI fails to pay CRB as required by this Agreement, then CRB may discontinue performing legal services for GNCI, and may withdraw from representation of GNCI, so long as such termination and withdrawal is otherwise consistent with CRB's ethical and legal obligations to GNCI.

**V.    COLLECTION; ATTORNEY FEES**: Should GNCI not promptly pay any amounts due under this Agreement, and should it become necessary for CRB to institute collection procedures, including the retaining of attorneys and/or commencement of an action in court to collect such sums, GNCI agrees to pay all costs and attorneys fees incurred incident to such collection efforts. GNCI also agrees that any such action may be brought in any of the Courts located in the District of Columbia. Provided, however, that in any dispute regarding

payment of fees, GNCI may elect to resolve the matter through arbitration, which shall be binding on the parties, under the rules of the American Arbitration Association.

**VII.    RETAINER:** GNCI agrees to pay CRB as a retainer, the sum of fifty thousand dollars ($50,000.00) as follows: twenty-five thousand dollars ($25,000) on or before September 26, 2003, and twenty-five thousand dollars ($25,000) on or before October 31, 2003. Such sum shall be maintained in the firm's escrow account, and shall be held as a reserve to be applied against any amounts due and owing from GNCI to CRB. CRB may apply any or all of this retainer to amounts due and owing from GNCI at any time, but the parties understand that this retainer is a reserve, and shall not relieve GNCI of its obligation to pay monthly prepayments and payments as otherwise required under this Agreement. GNCI's retainer shall be held by CRB in an interest-bearing account, and CRB shall refund the entire retainer to GNCI, less any amounts owed to CRB, plus all interest earned in escrow, upon the earlier of the completion of the Litigation or CRB's withdrawal from representation of GNCI.

**VIII.    CONFLICT WAIVER:** CRB currently represents AT&T Corp. and other existing telecommunications clients who have, or may have, positions, disputes or claims which may be considered adverse to GNCI with respect to matters other than the Litigation (such as payments from any of these other clients to GNCI for long distance calls). By executing this Agreement, GNCI expressly agrees and consents to the waiver of any and all actual or apparent, existing or future, conflicts of interest that might arise by CRB representing existing or future clients in litigation, regulatory proceedings or negotiations involving or adverse to GNCI. In the event such a conflict arises, CRB may withdraw from representation of GNCI in a manner that is consistent with its ethical obligations, or GNCI may terminate CRB's representation. Ethical rules require that CRB disclose this potential conflict to GNCI in writing, and we encourage you to consult with counsel prior to executing this Agreement.

*Global Network Communications, Inc.*

DATED: _Oct 17, 2003_          By: _[signature]_

Ronald E. Massic
Chief Executive Officer

EXHIBIT B

## CONTINUING AND UNCONDITIONAL GUARANTY

THIS CONTINUING AND UNCONDITIONAL GUARANTY (this "Guaranty") is made as of Dec- 14 , 2004 by RONALD E. MASSIE ("Guarantor"), for the benefit of COLE, RAYWID & BRAVERMAN, LLP ("CRB"), a Washington, DC Limited Liability Partnership.

WHEREAS, CRB and Global Network Communications, Inc. ("Global") are parties to a Fee Agreement of even date herewith (the "Fee Agreement"), pursuant to which CRB is providing ongoing legal services to Global in connection with a dispute between Global and the City of New York;

WHEREAS, Guarantor currently owns all of the issued and outstanding capital stock of Global and will be benefited by the Agreement and performance of legal services by CRB;

WHEREAS, as a condition of its willingness to enter into the Agreement, CRB have requested that Guarantor enter into this Guaranty;

NOW, THEREFORE, in consideration of the foregoing, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor hereby agrees as follows:

1.    GUARANTY

Guarantor absolutely and unconditionally guarantees and promises to pay to CRB or to its order, on demand, any and all indebtedness of Global owed to and in favor of CRB, and absolutely and unconditionally guarantees the fulfillment of all obligations of Global pursuant to the Fee Agreement or any documents or instruments entered into in connection therewith, as determined judicially or in a confirmed arbitration award, if Global elects arbitration. The obligations of Guarantor hereunder shall remain at all times undiminished, unreleased, and undischarged to any extent until payment in full of all indebtedness of Global to CRB.

2.    INDEBTEDNESS AND OBLIGATIONS

Guarantor understands and agrees that the terms "indebtedness" and "obligations" as used in this Guaranty are used in their most comprehensive senses, and do not refer solely to the evidences of such indebtedness. Guarantor guarantees and promises to pay any and all indebtedness and to satisfy any and all obligations of Global, with interest on said indebtedness or obligations according to the terms of the respective indebtedness or obligations or according to law.

- 1 -

FINAL Massie Personal Guaranty (5).DOC

3.    RELIANCE ON GUARANTY

Guarantor understands and agrees that CRB is entering into the Fee Agreement in reliance upon this Guaranty. Guarantor acknowledges that the entry by CRB into the Fee Agreement has or will result in a receipt by Guarantor of value that is in excess of, or equivalent to, the value bestowed upon CRB by virtue of this Guaranty.

4.    TERMINATION

This Guaranty will be terminated only upon Global's complete satisfaction of its obligations under the Fee Agreement. The bankruptcy or other reorganization or liquidation of Global shall not relieve Guarantor of Guarantor's obligations hereunder.

5.    WAIVERS

Guarantor expressly waives any right or claim of right: (a) to notice of acceptance of this Guaranty; (b) to any notice of the creation, renewal, extension, or accruals of any of the indebtedness or obligations of Global, present or future; (c) to any notice of default or nonpayment and notice of dishonor to or upon Guarantor, Global or any other party liable for any of the obligations of Global; (d) to all other notices to which Guarantor might otherwise be entitled in connection with this Guaranty of any indebtedness or obligations hereby guaranteed.

6.    VOIDABLE TRANSFERS

If any of the payments of money or transfers of property made to CRB, by any of Global or Guarantor in payment of indebtedness or otherwise should for any reason be declared to be fraudulent within the meaning of any state or federal law relating to fraudulent conveyances or preferential transfers, or otherwise become voidable or recoverable under the Bankruptcy Code or any other federal or state law, in whole or in part, for any reason (hereinafter collectively called "Voidable Transfers"), and CRB is required to repay or restore any such Voidable Transfers, or any portion thereof, then, as to any such Voidable Transfer or the amount repaid or restored (including all costs, expenses, and attorney's fees of CRB related thereto), the liability of Guarantor shall automatically be revived, reinstated, and restored as though such Voidable Transfer had never been made to CRB. Nothing herein is an admission by any party that any such Voidable Transfer has occurred and all parties believe that no such Voidable Transfer exists or will occur.

7.    NO INQUIRY BY CRB

It is not necessary for CRB to inquire into the powers of Global or the officers, directors, partners, or agents acting or purporting to act in Global's behalf, and any indebtedness or obligations made or created in reliance upon the professed exercise of such powers shall be guaranteed hereunder.

- 2 -

8.    REPRESENTATIONS AND WARRANTIES OF GUARANTOR

Guarantor hereby represents and warrants to CRB that Guarantor is an individual residing in the State of Connecticut, and has the full capacity and authority to execute, deliver and perform the terms of this Guaranty, and that this Guaranty has been duly executed and delivered by Guarantor, and constitutes a valid and binding obligation of Guarantor enforceable in accordance with its respective terms.

9.    MISCELLANEOUS

9.1    Additional Actions and Documents

Guarantor hereby agrees to take or cause to be taken such further actions, to execute, deliver and file or cause to be executed, delivered and filed such further documents, and to obtain such consents, as may be necessary or as may be reasonably requested in order to fully effectuate the purposes, terms and conditions of this Agreement.

9.2    Amendment

No amendment, modification or discharge of this Guaranty shall be valid or binding unless set forth in writing and duly executed and delivered by the party against whom enforcement of the amendment, modification, or discharge is sought.

9.3    Assignment

Guarantor shall not assign Guarantor's rights and obligations under this Agreement, in whole or in part, whether by operation of law or otherwise, without the prior written consent of CRB, and any such assignment contrary to the terms hereof shall be null and void and of no force and effect.

9.4.    Binding Effect

Subject to the provisions hereof restricting assignment, this Guaranty shall be binding Guarantor and Guarantor's heirs, executors, administrators, legal representatives and permitted assigns.

9.5    Waiver

No delay or failure on the part of CRB in exercising any right, power or privilege under this Guaranty shall impair any such right, power or privilege or be construed as a waiver of any default or any acquiescence therein.

- 3 -

FINAL Massie Personal Guaranty (5).DOC

9.7.    Severability

If any part of any provision of this Guaranty or any other agreement or document given pursuant to or in connection with this Guaranty shall be invalid or unenforceable in any respect, such part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of such provision or the remaining provisions of this Guaranty.

9.8.    Governing Law

This Guaranty and any claims or disputes relating thereto shall be governed by and construed in accordance with the laws of the District of Columbia (excluding the choice of law rules thereof).

9.9.    Consent to Jurisdiction

This Agreement and the duties and obligations of the parties hereunder and under each of the documents referred to herein shall be enforceable in the courts of the United States of America and of the District of Columbia or the state of Connecticut. For such purpose, each of the parties hereby submit to the non-exclusive jurisdiction of such courts, and agrees that all claims in respect of this Guaranty and such other documents may be heard and determined in any of such courts. Each of the parties hereby agrees that a final judgment of any of the courts specified above in any action or proceeding relating to this Guaranty shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Provided, however, that in any dispute regarding payment of fees, GNCI may elect to resolve the matter through arbitration, which shall be binding on the parties, under the rules of the American Arbitration Association If Global so elects, the extent of guarantor's liability if any shall also be determined in arbitration.

IN WITNESS WHEREOF, the undersigned has duly executed this Guaranty as of the date first hereinabove set forth.

Date: 12/14/04

RONALD E. MASSIE

FINAL Massie Personal Guaranty (5)

EXHIBIT C

# COLE, RAYWID & BRAVERMAN, L.L.P.

## AMENDED FEE AGREEMENT WITH GLOBAL NETWORK COMMUNICATIONS, INC.

**I.     *AGREEMENT TO RETAIN CRB*:** GLOBAL NETWORK COMMUNICATIONS, INC., a New York corporation wholly owned by Ronald E. Massie as of November 14, 2004 ("GNCI"), hereby amends its prior existing agreement to retain and employ the law firm of COLE, RAYWID & BRAVERMAN, L.L.P. ("CRB") as its attorneys at law with power of attorney to represent it in litigation and related representation against the City of New York, New York ("City"), regarding the City's regulation of GNCI's Public Pay Telephone ("PPT") business within the City (the "Litigation"), to take all actions necessary in connection therewith, including the defense, prosecution, compromise or settlement of the claims and defenses in the Litigation on GNCI's behalf, should any such action prove necessary at any time. CRB's representation of GNCI may also include general legal advice, negotiations, administrative proceedings, the possible settlement or compromise of claims, in connection with the Litigation and such other matters as GNCI may direct.

**II.     *FEES*:** In consideration of the legal services provided by CRB, GNCI agrees to pay CRB on an hourly basis, at its then prevailing standard hourly rates, for all services rendered on its behalf. Notwithstanding this agreement by GNCI to pay CRB's hourly fees, CRB agrees that it will not exceed the maximum amount show for each of the following tasks unless it first consults with GNCI:

- Opposition to Motion to Dismiss: The City has filed a Motion to Dismiss GNCI's Amended Complaint. CRB agrees to prepare and file an opposition to such Motion to Dismiss, and argue such Motion, for an amount not to exceed $30,000 in fees, exclusive of expenses (such as copying, postage, couriers, transportation, etc.).

- Motion for Partial Summary Judgment: GNCI anticipates filing a motion for summary judgment (including a memorandum of points and authorities, a statement of material facts as to which there is no genuine issue for trial, and any associated affidavits or exhibits) either as part of its opposition to the City's Motion to Dismiss (mentioned above) or, if necessary, as a separate motion. CRB agrees to prepare, file and argue this motion (and associated documentation) for an amount not to exceed $45,000 in fees, exclusive of expenses (such as copying, postage, couriers, transportation, etc.).

- Included in the above two tasks is CRB's assistance in preparing a legal response to the NOvember 1, 2004 recommendation of the staff of the City of New York Department of Information Technology and Telecommunications not to award a public pay telephone franchise to GNCI.

- The parties recognize that these tasks may be performed for less than the maximum fees listed above, and CRB will endeavor to complete these services for less than the maximum

Fee Agreement Global Network Connections Inc  w_retainer (2).DOC

amount listed, to the extent it is able to do so consistent with its obligation to zealously represent GNCI in the Litigation. The parties also recognize that CRB will endeavor to keep track of the fees as they are billed in order to alert GNCI to any potential fees that will exceed the estimated amounts, and discuss the potential costs of further work on the matter.

**III.     EXPENSES**:  GNCI will be liable for all expenses reasonably incurred by CRB in representing it. These expenses may include some or all of the following: filing fees, copying charges, telephone charges, local counsel fees, travel charges, secretarial overtime, computerized legal research, messenger fees, and other incidental expenses.

**IV.     BILLING & PAYMENT; SERVICE CHARGE**:

A.     GNCI understands that, given the nature of the Litigation and the potential for GNCI to incur significant fees in any given month, timely payment of invoices from CRB is essential to the maintenance of the attorney-client relationship.

B.     Beginning in January 2005, and on or before the 15th day of each month thereafter, GNCI will pay CRB the sum of at least fifteen thousand dollars ($15,000.00) as payment for legal expenses incurred or to be incurred during the course of the Litigation ("Monthly Payment"). CRB will render monthly invoices for legal services and expenses, which may or may not exceed the Monthly Payment in any given month. The parties will review the monthly invoices together to agree as to the reasonableness of fees. GNCI and CRB understand that any Monthly Payment(s) in excess of CRB's monthly invoices is/are to be credited to GNCI's account and that CRB will offset any such credits against future monthly invoices in the sequence that they are issued. The parties also acknowledge that this payment arrangement is an attempt to allow GNCI and CRB to accommodate GNCI's desire to pay for the Litigation within a generally fixed monthly budget, although CRB's fees and expenses are expected to vary from month to month, sometimes significantly. Because this payment arrangement is novel, either CRB or Global may terminate this form of payment upon request and upon the establishment of an alternative form of billing and/or payment that is mutually acceptable. If, at the termination of the Litigation or at any other time that the parties discontinue this form of payment, GNCI shall pay CRB all outstanding balances, and/or CRB shall return any Monthly Payment(s) credited to GNCI's account but unused.

C.     In the event that GNCI fails to pay CRB all fees and expenses incurred on GNCI's behalf, as required by this Agreement, then CRB may discontinue performing legal services for GNCI, and may withdraw from representation of GNCI, so long as such termination and withdrawal is otherwise consistent with CRB's ethical and legal obligations to GNCI.

**V.     RETAINER**. GNCI agrees to pay to CRB, as a retainer, the sum of fifteen thousand dollars ($15,000), such sum to be paid on or before December 10, 2004. Such sum shall be maintained in the firm's escrow account, and shall be held as a reserve to offset any unpaid charges upon the completion of CRB's representation of GNCI.

### VI.    SUCCESS FEE:

A.    GNCI and CRB agree that GNCI shall pay CRB success fee payments if CRB successfully obtains for GNCI the right to operate its public pay telephone business on the sidewalks of New York City ("Operational Rights").

B.    This payment becomes due only after time for any and all appeals has expired, and applies whether the GNCI's Operations Rights result from a decision of the courts or settlement of the case.

C.    This success fee shall not be due if CRB discontinues representation of GNCI at any time before GNCI obtains Operational Rights, regardless of CRB's contribution to the ultimate success of the matter.

D.    The success fee payable under this provision shall be negotiated by the parties on or before January 1, 2005, taking into account: (i) the value to GNCI of success in the Litigation, defined as GNCI (or a successor to Global's interest) obtaining the ability to continue to own and operate public pay telephones on the sidewalks and other public rights-of-way of the City of New York; (ii) the efforts of CRB in obtaining success in the Litigation (whether through court order or settlement); and (iii) the ability of GNCI to pay such a success fee based on increased revenue resulting from success in the Litigation. The success fee may be either a lump sum payment, a series of payments, or any other combination of payments that the parties mutually agree upon.

### VII.    COLLECTION; ATTORNEY FEES:

Should GNCI not promptly pay any amounts due under this Agreement, and should it become necessary for CRB to institute collection procedures, including the retaining of attorneys and/or commencement of an action in court to collect such sums, GNCI agrees to pay all costs and attorneys fees incurred incident to such collection efforts. GNCI also agrees that any such action may be brought in any of the Courts located in the District of Columbia. Provided, however, that in any dispute regarding payment of fees, GNCI may elect to resolve the matter through arbitration, which shall be binding on the parties, under the rules of the American Arbitration Association.

### VIII.    CONFLICT WAIVER:

CRB currently represents AT&T Corp. and other existing telecommunications clients who have, or may have, positions, disputes or claims which may be considered adverse to GNCI with respect to matters other than the Litigation (such as payments from any of these other clients to GNCI for long distance calls). By executing this Agreement, GNCI expressly agrees and consents to the waiver of any and all actual or apparent, existing or future, conflicts of interest that might arise by CRB representing existing or future clients in litigation, regulatory proceedings or negotiations involving or adverse to GNCI. In the event such a conflict arises, CRB may withdraw from representation of GNCI in a manner that is consistent with its ethical obligations, or GNCI may terminate CRB's representation. Ethical rules require that CRB disclose this potential conflict to GNCI in writing, and we encourage you to consult with counsel prior to executing this Agreement.

*Global Network Communications, Inc.*

Page 3 of 4

Fee Agreement Global Network Connections Inc  w_retainer (2).DOC

DATED: _12/14/04_                By: _____
                                     Ronald E. Massie
                                     Chief Executive Officer

EXHIBIT D

| Atty | Date | Time | Matter Value | Description of Services Rendered |
|------|------|------|--------------|----------------------------------|
| ---- | ---- | ---- | ---- | ---- |
| ~~LONRO~~ | ~~12/11/2007~~ | | ~~0.3~~ | ~~$115.29~~ ~~Confer with D. Shapiro and B. Scott regarding finalization of complaint~~ |
| ~~SCOTR~~ | ~~12/11/2007~~ | | ~~1.3~~ | ~~$535.28~~ ~~Global Network collections issues; review dispute and key documents with D. Shapiro for his use in filing complain; emails regarding key documents~~ |
| ~~SHAPD~~ | ~~12/12/2007~~ | | ~~4~~ | ~~$896.72~~ ~~Review documents relevant to facts of complaint against Massie and Global; draft complaint~~ |
| SHAPD | 12/13/2007 | | 6 | $1,345.08 Draft complaint against Massie and Global; confer with R. Scott, R. London, and G. Kringen regarding amount due from Massie and Global |
| SHAPD | 12/14/2007 | | 4.7 | $1,053.65 Draft complaint against Massie and Global; review bills to Massie and Global to determine amount owed; confer with R. London and G. Kringen regarding amount owed |
| ~~SCOTR~~ | ~~12/17/2007~~ | | ~~0.4~~ | ~~$164.70~~ ~~Global Network collections issues; review amount owed with D. Shapiro; emails regarding canceled checks for settlement of Counsel Press printing bill~~ |
| ~~SHAPD~~ | ~~12/17/2007~~ | | ~~1.4~~ | ~~$313.85~~ ~~Search documents provided by R. Scott for documentation of payment to Counsel Press; review invoices to verify that Global was not billed for Counsel Press settlement; confer with R. Scott regarding payment to Counsel Press; email correspondence with G. Kringen regarding calculation of amount owed~~ |

\* LONDR– Ronald London
  SCOTR– Robert Scott
  SHAPD– David Shapiro
  BOWEB– Brigham Bowen

| | | | | |
|---|---|---|---|---|
| SHAPD | 12/18/2007 | 2.1 | $470.78 | Confer with R. Scott, R. London, and J. Seiver regarding interest rate to assert in complaint (0.3); read and review statutes and case law regarding permissible interest rates in D.C. (1.4); email R. Scott and R. London regarding same (0.4) |
| SHAPD | 12/19/2007 | 0.7 | $156.93 | Review bills to determine interest rate (0.5); email S. Horvitz regarding same (0.2) |
| LONRC | 12/20/2007 | 0.5 | $192.15 | Review and revise draft complaint |
| SCOTR | 12/20/2007 | 0.4 | $464.70 | Global Network collections issues; review amount owed with D. Shapiro |
| SHAPD | 12/20/2007 | 0.6 | $134.51 | Confer with S. Horvitz regarding interest rate (0.1); email correspondence with G. Kringen and R. Scott regarding interest rate calculations (0.2); review bills to determine interest rate |
| SHAPD | 12/21/2007 | 1.1 | $246.60 | Revise complaint following comments of R. London |
| SHAPD | 1/2/2008 | 3.9 | $1,017.04 | Review debt computation of S. Flitchbell and compare with bills sent to Massie to resolve discrepancy; confer and email correspondence with S. Flitchbell, N. Rice, and G. Kringen regarding same; review D.C. law regarding statute of limitations and confer with R. London and R. Scott regarding same |
| SHAPD | 1/3/2008 | 5.5 | $1,434.20 | Review correspondence and bills sent to Massie and draft time line regarding same (3.5); review outstanding debt calculations of G. Kringen (1.5); email correspondence and phone conversations with G. Kringen regarding debt |

| Initials | Date | Hours | Amount | Description |
|---|---|---|---|---|
| SHAPD | 1/4/2008 | 2.6 | $678.03 | Confer and email correspondence with R. Scott, R. London, and G. Kringen regarding statute of limitation and accounting issues (1.8); revise complaint (0.8) |
| SHAPD | 1/8/2008 | 2.4 | $625.87 | Review latest debt calculations from G. Kringen and email G. Kringen regarding same (2.0); review additional promises to pay provided by Massie and revise complaint to reflect same (0.4) |
| SCOTTR | 1/9/2008 | 0.5 | $210.60 | Global Network Collections; Research e-files for new Puerto Rico address for Massie |
| SHAPD | 1/9/2008 | 2.7 | $704.11 | Review revised accounting of outstanding debt by G. Kringen (1.8); email correspondence with G. Kringen regarding same (0.5); review service of complaint requirements (0.4) |
| LONRO | 1/10/2008 | 1.4 | $570.05 | Review draft complaint, confer with D. Shapiro regarding same |
| SHAPD | 1/10/2008 | 4.4 | $1,147.43 | Review and edit revised accounting from G. Kringen (2.5); email correspondence with G. Kringen regarding same (0.3); confer with R. London regarding further revisions to complaint (0.2); revise complaint following further comments of R. London (1.4) |
| SHAPD | 1/11/2008 | 3.4 | $886.65 | Review and edit further revisions to accounting from G. Kringen and email G. Kringen regarding same (1.9); confer with G. Kringen regarding accounting and interest calculations (0.2); email R. Scott and R. London regarding complaint and accounting (0.8); confer with R. |

calculations (0.5)

London regarding complaint (0.2); review and edit admission papers to D.D.C. (0.3)

| | | | | |
|---|---|---|---|---|
| SHAPD | 1/15/2008 | 0.5 | $130.39 | Email R. Scott regarding complaint and accounting of debt (0.3); review admission papers to D.D.C. and confer with E. Rivard regarding same (0.2) |
| SHAPD | 1/16/2008 | 0.4 | $104.31 | Review service requirements and email correspondence with E. Rivard regarding service arrangements |
| SCOTR | 1/18/2008 | 0.7 | $307.44 | Revise Complaint against Global and Massie for collection of fees owed to CRB |
| SHAPD | 1/18/2008 | 5.1 | $1,329.98 | Revise complaint following comments of R. Scott (0.4); finalize and file complaint and exhibits |
| SHAPD | 1/23/2008 | 0.2 | $52.16 | Confer with R. London and E. Rivard regarding service of summons |
| BOWEB | 1/24/2008 | 0.3 | $82.35 | Telephone call to clerk of court to seek to get summons issued |
| SHAPD | 1/24/2008 | 0.4 | $104.31 | Confer with E. Rivard and R. London regarding obtaining and serving summons |
| SHAPD | 2/12/2008 | 0.6 | $156.47 | Consult rules regarding filing return of service; confer with B. Bowen regarding same; oversee filing of returns of service |
| SHAPD | 2/14/2008 | 0.1 | $26.08 | Email correspondence with R. London regarding extension of time to answer |
| LONRO | 2/28/2008 | 0.2 | $81.44 | Respond to defendants' request for consent to extension of time; conference with B. Scott and |

D. Shapiro regarding same

| | | | | |
|---|---|---|---|---|
| SHAPD | 3/11/2008 | 0.8 | $208.62 | Prepare summary of litigation and cost estimate for J. Waggoner; confer with R. London regarding same |
| SHAPD | 3/24/2008 | 0.1 | $26.08 | Review recent correspondence from Mr. Massie to R. Scott |
| SHAPD | 3/28/2008 | 0.3 | $78.23 | Read and review case law regarding default judgments |
| SHAPD | 4/1/2008 | 0.6 | $156.47 | Review procedures for obtaining default judgment |
| SHAPD | 4/2/2008 | 2.5 | $651.95 | Review procedures for entry of default; draft entry of default; confer with R. London regarding same |
| SHAPD | 4/7/2008 | 0.6 | $156.47 | Finalize motion for entry of default |
| LONRO | 4/8/2008 | 0.2 | $81.44 | Confer with D. Shapiro regarding incorrect docket entries for entry of judgment |
| SHAPD | 4/8/2008 | 0.6 | $156.47 | Confer with R. London regarding motion for default judgment; review figures for motion for default judgment |
| LONRO | 4/9/2008 | 0.2 | $81.44 | Confer with D. Shapiro regarding motion for entry of judgment |
| SHAPD | 4/9/2008 | 2.8 | $730.18 | Confer with R. London regarding motion for default judgment declarations; confer with G. Kringen regarding his declaration; draft declaration of G. Kringen and review figures contained therein |

| | | | | |
|---|---|---|---|---|
| ~~tONRO~~ | ~~4/10/2008~~ | ~~0.3~~ | ~~$122.15~~ | ~~Work with D. Shapiro regarding evidence in support of motion for entry of judgment~~ |
| ~~SHAPD~~ | ~~4/10/2008~~ | ~~3.3~~ | ~~$860.67~~ | ~~Draft declaration of G. Kringen and review figures contained therein~~ |
| SHAPD | 4/11/2008 | 4.9 | $1,277.82 | Draft declaration of G. Kringen in support default judgment and review figures contained therein; confer with G. Kringen regarding same; draft declaration of R. Scott; confer with S. Filchtbeil regarding his declaration |
| SHAPD | 4/14/2008 | 3.6 | $938.81 | Draft declaration of R. Scott, motion for default judgment, and statement of points and authorities; confer with R. London regarding same; confer with S. Filchtbeil regarding interest calculation |
| ~~TOTAL~~ | | ~~79.6~~ | ~~$20,074.94~~ | |

TOTAL OF NON-LINED OUT ITEMS= $7,803.29

EXHIBIT E

Billed and Unbilled Recap Of Cost Detail - [0050065-000222 - Global Network Communications]
Client:0050065 - DWT - COLLECTION LITIGATION (SEE NARRATIVE) - PLAINTIFF  4/16/2008 1:47:34 PM                    Page 1

| Date | Initials | Name / Invoice Number | Code | Quantity | Rate | Amount | Description | Cost Index |
|---|---|---|---|---|---|---|---|---|
| 02/03/2007 | DWT | DWT DavisWrightTremaine | CE | 6.00 | 0.15 | 0.90 | Photocopy charge per Nichole Rice | 3867316 |
| 02/07/2008 | | Invoice=5666791 | | 6.00 | 0.15 | 0.90 | | |
| 01/03/2008 | DWT | DWT DavisWrightTremaine | CE | 606.00 | 0.15 | 90.90 | Photocopy charge per Atilio Delgado | 3871729 |
| 02/07/2008 | | Invoice=5666791 | | 606.00 | 0.15 | 90.90 | | |
| 01/03/2008 | DWT | DWT DavisWrightTremaine | CE | 602.00 | 0.15 | 90.30 | Photocopy charge per Atilio Delgado | 3871730 |
| 02/07/2008 | | Invoice=5666791 | | 602.00 | 0.15 | 90.30 | | |
| 01/03/2008 | DWT | DWT DavisWrightTremaine | CE | 294.00 | 0.15 | 44.10 | Photocopy charge per Atilio Delgado | 3871731 |
| 02/07/2008 | | Invoice=5666791 | | 294.00 | 0.15 | 44.10 | | |
| 01/03/2008 | DWT | DWT DavisWrightTremaine | CE | 287.00 | 0.15 | 43.05 | Photocopy charge per Atilio Delgado | 3871732 |
| 02/07/2008 | | Invoice=5666791 | | 287.00 | 0.15 | 43.05 | | |
| 01/30/2008 | DWT | DWT DavisWrightTremaine | FFEE | 1.00 | 350.00 | 350.00 | Filing fee - CLERK - US DISTRICT COURT | 3882513 |
| 02/07/2008 | | Invoice=5666791 | | 1.00 | 350.00 | 350.00 | 01/18/08 per D. Shapiro | |
| | | Voucher=875307 Paid | | | | | Vendor=CLERK - US DISTRICT COURT  Balance= .00  Amount= 350.00 | |
| | | | | | | | Check #4098  01/18/2008 | |
| 01/03/2008 | DWT | DWT DavisWrightTremaine | GTRAN | 1.00 | 24.00 | 24.00 | Ground transportation - CUSTODIAN OF P | 3883393 |
| 02/07/2008 | | Invoice=5666791 | | 1.00 | 24.00 | 24.00 | CASH DC - Roundtrip taxi, 01/14/08 per M. | |
| | | Voucher=875644 Paid | | | | | Gonzalez | |
| | | | | | | | Vendor=CUSTODIAN OF PETTY CASH DC  Balance= .00  Amount= 1052.65 | |
| | | | | | | | Check #4097  01/16/2008 | |
| 01/03/2008 | DWT | DWT DavisWrightTremaine | GTRAN | 1.00 | 20.00 | 20.00 | Ground transportation - CUSTODIAN OF P | 3883396 |
| 02/07/2008 | | Invoice=5666791 | | 1.00 | 20.00 | 20.00 | CASH DC - Roundtrip taxi, 01/16/08 per M. | |
| | | Voucher=875644 Paid | | | | | Gonzalez | |
| | | | | | | | Vendor=CUSTODIAN OF PETTY CASH DC  Balance= .00  Amount= 1052.65 | |
| | | | | | | | Check #4097  01/16/2008 | |
| 02/26/2008 | DWT | DWT DavisWrightTremaine | LPSS | 1.00 | 208.70 | 208.70 | Legal process server service - CAPITOL | 3894760 |
| 03/12/2008 | | Invoice=5675576 | | 1.00 | 208.70 | 208.70 | PROCESS SERVICES - Service upon Global Network | |
| | | Voucher=878914 Paid | | | | | Communications, Inc. on 01/30/08 per R. London | |
| | | | | | | | Vendor=CAPITOL PROCESS SERVICES  Balance= .00  Amount= 208.70 | |
| | | | | | | | Check #55188  02/26/2008 | |
| 02/26/2008 | DWT | DWT DavisWrightTremaine | LPSS | 1.00 | 243.70 | 243.70 | Legal process server service - CAPITOL | 3894761 |
| 03/12/2008 | | Invoice=5675576 | | 1.00 | 243.70 | 243.70 | PROCESS SERVICES - Service upon Ronald E. | |
| | | Voucher=878916 Paid | | | | | Massie on 01/25/08, per R. London | |
| | | | | | | | Vendor=CAPITOL PROCESS SERVICES  Balance= .00  Amount= 243.70 | |
| | | | | | | | Check #55188  02/26/2008 | |
| 03/07/2008 | DWT | DWT DavisWrightTremaine | GTRAN | 1.00 | 10.00 | 10.00 | Ground transportation - CUSTODIAN OF P | 3902162 |
| 04/09/2008 | | Invoice=5682555 | | 1.00 | 10.00 | 10.00 | CASH DC - taxi, 01/18/08 per C. Kittenbaugh | |
| | | Voucher=880910 Paid | | | | | Vendor=CUSTODIAN OF PETTY CASH DC  Balance= .00  Amount= 1077.51 | |
| | | | | | | | Check #4106  03/01/2008 | |
| 03/07/2008 | DWT | DWT DavisWrightTremaine | GTRAN | 1.00 | 20.00 | 20.00 | Ground transportation - CUSTODIAN OF P | 3902163 |
| 04/09/2008 | | Invoice=5682555 | | 1.00 | 20.00 | 20.00 | CASH DC - roundtrip taxi, 01/23/08 per M. | |
| | | Voucher=880910 Paid | | | | | Gonzalez | |
| | | | | | | | Vendor=CUSTODIAN OF PETTY CASH DC  Balance= .00  Amount= 1077.51 | |
| | | | | | | | Check #4106  03/01/2008 | |
| 03/07/2008 | DWT | DWT DavisWrightTremaine | GTRAN | 1.00 | 20.00 | 20.00 | Ground transportation - CUSTODIAN OF P | 3902164 |
| 04/09/2008 | | Invoice=5682555 | | 1.00 | 20.00 | 20.00 | CASH DC - roundtrip taxi, 01/23/08 per M. | |
| | | Voucher=880910 Paid | | | | | Gonzalez | |
| | | | | | | | Vendor=CUSTODIAN OF PETTY CASH DC  Balance= .00  Amount= 1077.51 | |
| | | | | | | | Check #4106  03/01/2008 | |
| 03/07/2008 | DWT | DWT DavisWrightTremaine | GTRAN | 1.00 | 20.00 | 20.00 | Ground transportation - CUSTODIAN OF P | 3902168 |
| 04/09/2008 | | Invoice=5682555 | | 1.00 | 20.00 | 20.00 | CASH DC - roundtrip taxi, 01/24/08 per M. | |
| | | Voucher=880910 Paid | | | | | Gonzalez | |
| | | | | | | | Vendor=CUSTODIAN OF PETTY CASH DC  Balance= .00  Amount= 1077.51 | |
| | | | | | | | Check #4106  03/01/2008 | |

Billed and Unbilled Recap Of Cost Detail - [0050065-000222 - Global Network Communications]
Client:0050065 - DWT - COLLECTION LITIGATION (SEE NARRATIVE) - PLAINTIFF   4/16/2008 1:47:34 PM

Page 2

| Date | Initials | Name / Invoice Number | Code | Quantity | Rate | Amount | Description | Cost Index |
|------|----------|----------------------|------|----------|------|--------|-------------|------------|
| 02/19/2008 | DWT | DWT DavisWrightTremaine | CE | 8.00 | 0.15 | 1.20 | Photocopy charge per Katherine Boers | 3393961 |
| 04/09/2008 | | Invoice 5682656 | | 8.00 | 0.15 | 1.20 | | |
| 03/11/2008 | DWT | DWT DavisWrightTremaine | CE | 1005.00 | 0.15 | 150.75 | Photocopy charge per Katherine Boers | 3393962 |
| 04/09/2008 | | Invoice 5682655 | | 1005.00 | 0.15 | 150.75 | | |
| | | BILLED TOTALS: WORK | | | | 1,337.60 16 records | | |
| | | BILLED TOTALS: BILL | | | | 1,337.60 | | |
| | | GRAND TOTAL: WORK | | | | 1,337.60 16 records | | |
| | | GRAND TOTAL: BILL | | | | 1,337.60 | | |

TOTAL OF NON-LINED OUT ITEMS= $802.40

EXHIBIT F

Dec-06-06 16:57    From-LEVY DAVIS MAHER    +12123710463    F-814  P.02/03  F-980

DEC-01-2006 16:13    FROM-COLE, RAYWID & BRAVERMAN, L.L.P.    202-4520087    T-004  P.003/006  F-730

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

WHEREAS, Plaintiff, COUNSEL PRESS, LLC, hereinafter referred to as "Plaintiff," has filed a Summons against COLE, RAYWID, & BRAVERMAN, L.L.P. hereinafter referred to as "Defendant," in the Civil Court Of The City Of New York, County Of New York, Summons Index No. 049928, filed Aubust 16, 2006.

NOW THEREFORE, Plaintiff and Defendant have agreed to fully and completely settle the above referenced litigation, and hereby agree as follows:

1. Without any admission of liability, Defendant will pay to Plaintiff the full sum of six thousand dollars ($6,000.00) within five business days upon the execution of this Settlement Agreement, payment to be made payable to LEVY DAVIS & MAHER, as attorneys.

2. For the sole consideration of the payment of $6,000.00, from Defendant to Plaintiff, and the dismissal with prejudice of the Summons, as provided herein, Plaintiff, hereby releases Defendant and Defendant hereby releases Plaintiff, and each of the released parties' predecessors and successors in interest, heirs, assigns, past, present and future officers, directors, shareholders, agents, employees, managers, representatives, attorneys, accountants, advisors, owners, partners, shareholders, trustees, parent and subsidiary organizations, and affiliates from any and all liabilities, actions, causes of action, injuries, rights, judgments, losses, suits, debts, dues, sums of money, accounts, bonds, executions, costs, attorney's fees, fines, penalties claims and/or demands, whether fixed or contingent, known or unknown and/or of any kind and/or nature whatsoever, which either Plaintiff, Defendant, or Third-Party Defendant ever had, now has or may have, specifically limited to any and all claims which were and/or could have been asserted in the settled litigation.3. This settlement agreement and release shall be binding upon and inure to the benefit of Plaintiff, Defendant, and their respective heirs, executors, administrators, successors, assigns and legal representatives and is not subject to any condition not expressly set forth herein.

3. This settlement agreement and release constitutes the entire understanding and agreement of the parties and no modification, amendment or revision hereof shall be of any force or effect unless in writing and duly executed by the parties or their authorized representatives.

4. Upon receipt of Defendant's full and complete payment of the amount of $6,000.00 and the signed Agreement herein, the attorneys for Plaintiff will forward to the attorney for the Defendant a fully executed Agreement, and file the dismiss the case with prejudice.

5. This Settlement Agreement is the result of good faith negotiations and compromise. The agreements and releases contained in this Settlement Agreement effect the settlement of claims which are denied and contested, and nothing set forth herein shall be construed as an admission by any Party hereto of any liability of any kind to the other, or to any other person, corporation or any other type of entity. This Settlement Agreement is executed solely as a compromise to avoid the expense of litigation.

6. Each Party represents that it has executed and entered into this Settlement Agreement in reliance solely upon its own independent investigation and analysis of the facts and circumstances, and that no representations, warranties, or promises other than those set forth in this Settlement Agreement were made by any Party or any employee, agent or legal counsel of any Party to induce said Party to execute this Settlement Agreement.

7. The Parties hereto have had the opportunity to be represented by counsel in their negotiations of the terms of this Settlement Agreement, and therefore no provision of this Settlement Agreement shall be construed against any Party hereto on the theory that such Party drafted such provision.

Dec-06-06 16:57    From-LEVY DAVIS MAHER    +12123718463    .-814  P.03/03  F-980
DEC-06-2006 16:13    FROM-COLE, RAYWID & BRAVERMAN, L.L.P.    202-4520087    T-004  P.004/005  F-739

8.  This Settlement Agreement may be executed simultaneously in any number of counterparts, and sent by facsimile to the other party, each of which when so executed and delivered shall be taken to be an original, but such counterparts shall together constitute but one and the same document.

9.  Each signatory below represents that it has the requisite power, authority and legal capacity to make, execute, enter into and deliver this Settlement Agreement and to fully perform its duties and obligations under this Settlement Agreement.

Dated: _Dec 1_____, 2006

**COLE, RAYWID & BRAVERMAN, L.L.P.**

_____
Robert G. Scott, Jr., Partner
Cole, Raywid & Braverman, L.L.P.
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, DC 20006-9750
Telephone:  202-659-9750
Facsimile:  202-452-0067

**COUNSEL PRESS, LLC**

BY: _____
    Damon R. Maher
Levy Davis & Maher
880 Third Avenue, Ninth Floor
New York, NY  10022

**As Attorney In Fact For Plaintiff**
**Counsel Press, LLC**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COLE RAYWID & BRAVERMAN, LLP  )
                                            )
        Plaintiff,                   )
                                            )
        v.                         )
                                            )
RONALD E. MASSIE               )
                                            )     Case No. 1:08-cv-00116-EGS
and                              )
                                            )
GLOBAL NETWORK COMMUNICATIONS,  )
INC.                                   )
                                            )
        Defendants               )
                                            )

## DECLARATION OF GUS KRINGEN

I, Gus Kringen, declare under penalty of perjury as follows:

       1.    I am employed by Davis Wright Tremaine LLP, Suite 2200, 1201 Third Avenue, Seattle, Washington 98101-3045, as a Collection Supervisor. I have been employed by Davis Wright in this capacity since 1995. I have over 25 years of experience in accounting.

       2.    I submit this Declaration to explain my calculation of the total legal fees and expenses billed to Defendant Global Network Communications, Inc. for work performed by Plaintiff Cole Raywid & Braverman LLP for Defendant Global on or after December 1, 2003. This Declaration also provides the total payment received from Defendant Global and Defendant Ronald E. Massie after January 2004. The Declaration of Robert G. Scott ("Scott Decl.") explains why these are the relevant starting points for fees, expenses, and payments. *See* Scott Decl. ¶¶ 6-8.

3.      All of the invoices referenced herein are invoices issued for legal services performed for Defendant Global.

4.      True and correct copies of the invoices referenced herein are attached hereto as Exhibits A-Z.  Descriptions of the tasks performed on each day by CRB attorneys have been redacted due to potential privilege or confidentiality concerns.

### New Fees and Expenses Billed on Each Invoice

5.      The March 25, 2004 invoice includes fees and expenses accrued as a result of work performed both before and after December 1, 2003 for Defendant Global.   In my calculations, I excluded all fees and expenses accrued as a result of work performed before December 1, 2003.  The total amount billed on the March 25, 2004 invoice for legal fees and expenses for work performed on or after December 1, 2003 is $17,539.80.  This figure does not include interest.

6.      All new fees and expenses listed on invoices subsequent to the March 25, 2004 invoice pertain to work performed after December 1, 2003.  Accordingly, the total fees and expenses billed to Defendant Global may be obtained by adding the $17,539.80 portion of the March 25, 2004 invoice to the new fees and expenses on each subsequent invoice.  A true and correct copy of the March 25, 2004 invoice is attached hereto as Exhibit A.

7.      The total new fees and expenses for each subsequent invoice is obtained by adding the amounts listed as "TOTAL FEES" and "TOTAL OTHER CHARGES" in each invoice.

8.      Such charges do not include any interest on fees and expenses.

9.      The April 29, 2004 invoice indicates new legal fees and expenses totaling $5,571.58.  A true and correct copy of the April 29, 2004 invoice is attached hereto as Exhibit B.

10.     The May 18, 2004 invoice indicates new legal fees and expenses totaling $3,175.94. A true and correct copy of the May 18, 2004 invoice is attached hereto as Exhibit C.

11.     The July 21, 2004 invoice indicates new legal fees and expenses totaling $28,415.38. A true and correct copy of the July 21, 2004 invoice is attached hereto as Exhibit D.

12.     The August 19, 2004 invoice indicates new legal fees and expenses totaling $16,791.32. A true and correct copy of the August 19, 2004 invoice is attached hereto as Exhibit E.

13.     The September 28, 2004 invoice indicates new legal fees and expenses totaling $1,970.44. A true and correct copy of the September 28, 2004 invoice is attached hereto as Exhibit F.

14.     The October 15, 2004 invoice indicates new legal fees and expenses totaling $1,598.50. A true and correct copy of the October 15, 2004 invoice is attached hereto as Exhibit G.

15.     The November 22, 2004 invoice indicates new legal fees and expenses totaling $1,514.56. A true and correct copy of the November 22, 2004 invoice is attached hereto as Exhibit H.

16.     The December 31, 2004 invoice indicates new legal fees and expenses totaling $8,923.56. A true and correct copy of the December 31, 2004 invoice is attached hereto as Exhibit I.

17.     The March 8, 2005 invoice indicates new legal fees and expenses totaling $70,825.51. A true and correct copy of the March 8, 2005 invoice is attached hereto as Exhibit J.

18.    The March 21, 2005 invoice indicates new legal fees and expenses totaling $1,564.32. A true and correct copy of the March 21, 2005 invoice is attached hereto as Exhibit K.

19.    The April 25, 2005 invoice indicates new legal fees and expenses totaling $2,733.87. A true and correct copy of the April 25, 2005 invoice is attached hereto as Exhibit L.

20.    The May 19, 2005 invoice indicates new legal fees and expenses totaling $150.50. A true and correct copy of the May 19, 2005 invoice is attached hereto as Exhibit M.

21.    The June 23, 2005 invoice indicates new legal fees and expenses totaling $6147.19. A true and correct copy of the June 23, 2005 invoice is attached hereto as Exhibit N.

22.    The August 24, 2005 invoice indicates new legal fees and expenses totaling $41,500.88. A true and correct copy of the August 24, 2005 invoice is attached hereto as Exhibit O.

23.    The October 26, 2005 invoice indicates new legal fees and expenses totaling $66,808.55. A true and correct copy of the October 26, 2005 invoice is attached hereto as Exhibit P.

24.    The December 20, 2005 invoice indicates new legal fees and expenses totaling $34,926.28. A true and correct copy of the December 20, 2005 invoice is attached hereto as Exhibit Q.

25.    The January 26, 2006 invoice indicates new legal fees and expenses totaling $2,119.99. A true and correct copy of the January 26, 2006 invoice is attached hereto as Exhibit R.

26.    The March 6, 2006 invoice indicates new legal fees and expenses totaling $3520.06. A true and correct copy of the March 6, 2006 invoice is attached hereto as Exhibit S.

27.    The March 14, 2006 invoice indicates new legal fees and expenses totaling $0.  A true and correct copy of the March 14, 2006 invoice is attached hereto as Exhibit T.

28.    The April 26, 2006 invoice indicates new legal fees and expenses totaling $150.03. A true and correct copy of the April 26, 2006 invoice is attached hereto as Exhibit U.

29.    The July 31, 2006 invoice indicates new legal fees and expenses totaling $30.43. A true and correct copy of the July 31, 2006 invoice is attached hereto as Exhibit V.

30.    The August 28, 2006 invoice indicates new legal fees and expenses totaling $200.39. A true and correct copy of the August 28, 2006 invoice is attached hereto as Exhibit W.

31.    The September 19, 2006 invoice indicates new legal fees and expenses totaling $12.88.  A true and correct copy of the September 19, 2006 invoice is attached hereto as Exhibit X.

32.    The January 22, 2007 invoice indicates new legal fees and expenses totaling $10,548.25.  However, I deducted all charges from this invoice for legal work and expenses related to collection efforts against Defendants Massie and Global ($4,282.47). With those deductions, the total for that invoice for new legal fees and expenses comes to $6,265.78.  A true and correct copy of the January 22, 2007 invoice is attached hereto as Exhibit Y.

33.    The January 25, 2007 invoice indicates new legal fees and expenses totaling $1387.84.  A true and correct copy of the January 25, 2007 invoice is attached hereto as Exhibit Z.

34.    Adding the $17,539.80 portion of the March 25, 2004 to the total new fees and expenses for each subsequent invoice yields $323,845.58.  Accordingly, Total Fees and Expenses For Legal Work Performed After December 1, 2003 Exclusive of Interest = $323,845.58.

**Payments Received from Massie and Global**

35.     Excluding checks that were returned for non-sufficient funds or on which payment was stopped, the only payments that Plaintiff CRB received from Defendants Global and Massie subsequent to January 2004 are as follows:

| | |
|---|---|
| June 1, 2004 | $16,626.00 |
| July 8, 2004 | $8,747.42 |
| December 22, 2004 | $12,000.00 |
| January 13, 2005 | $15,000.00 |
| February 17, 2006 | $5,000.00 |

36.     Thus, <u>Total Payments After January 2004 = $57,373.42.</u>

**Total Owed For CRB's Representation**

37.     Subtracting $57,373.42 in payments from $323,845.58 in fees and expenses, yields a total of $266,472.16 that Defendants Global and Massie owe Plaintiff CRB in principal, exclusive of interest, for CRB's representation.    Thus, <u>Principal Owed For Representation = $266,472.16.</u>    This total differs from the "Total Balance Now Due" shown in the final invoice at Exhibit Z, because the $266,472.16 total arrived at here: (1) accounts only for legal fees and expenses for work performed on or after December 1, 2003 and payments received after January 2004, according to the agreement of the parties,  *see supra* ¶ 2; Scott Decl. ¶ 6, whereas Exhibit Z does not fully account for that agreement; (2) omits fees and expenses related to this collection action, *see supra* ¶ 32; and (3) excludes all interest, *see supra* ¶¶ 8, 34.

6

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 22, 2008

_____
Gus Kringen

# EXHIBIT A

Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

March 25, 2004

Global Network Communications, Inc          Billed through    02/29/2004
1559 Bassett Ave.                           Invoice Number    61663
Bronx, NY 10461
                                            Our File#    2563    00001   RGS

General

Balance forward as of invoice dated   11/18/03                    $72,047.20
Payments applied since last invoice                               $64,000.00
                                                                ============
Net balance forward                                               $8,047.20

FOR PROFESSIONAL SERVICES RENDERED

| Date | Staff | | Hours | | Amount |
|---|---|---|---|---|---|
| 11/06/03 | TST | | 2.50 | hrs. | $775.00 |
| 11/06/03 | MCM | | 4.80 | hrs. | $816.00 |
| 11/06/03 | RGS | | 3.20 | hrs. | $1,248.00 |
| 11/07/03 | MCM | REDACTED | 1.40 | hrs. | $238.00 |
| 11/07/03 | RGS | | 4.20 | hrs. | $1,638.00 |
| 11/10/03 | TST | | 3.70 | hrs. | $1,147.00 |
| 11/10/03 | MCM | | 0.20 | hrs. | $34.00 |
| 11/10/03 | RGS | | 6.30 | hrs. | $2,457.00 |

2563     Global Network
           Communications

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT, PLEASE RETURN DUPLICATE COPY WITH YOUR

| | | | | |
|---|---|---|---|---|
| 11/11/03 | TST | | 0.30 hrs. | $93.00 |
| 11/11/03 | MCM | | 2.80 hrs. | $476.00 |
| 11/11/03 | RGS | | 1.20 hrs. | $468.00 |
| 11/12/03 | MCM | REDACTED | 4.30 hrs. | $731.00 |
| 11/12/03 | RGS | | 1.90 hrs. | $741.00 |
| 11/13/03 | MCM | | 7.00 hrs. | $1,190.00 |
| 11/13/03 | WJH | | 6.00 hrs. | $720.00 |
| 11/13/03 | RGS | | 2.20 hrs. | $858.00 |
| 11/14/03 | MCM | | 2.70 hrs. | $459.00 |
| 11/14/03 | WJH | | 6.90 hrs. | $828.00 |
| 11/14/03 | RGS | | 1.70 hrs. | $663.00 |
| 11/17/03 | MCM | | 3.40 hrs. | $578.00 |
| 11/17/03 | WJH | | 5.00 hrs. | $600.00 |
| 11/17/03 | RGS | | 5.00 hrs. | $1,950.00 |
| 11/18/03 | TST | | 0.30 hrs. | $93.00 |
| 11/18/03 | MCM | REDACTED | 2.50 hrs. | $425.00 |
| 11/18/03 | WJH | | 1.30 hrs. | $156.00 |
| 11/18/03 | WJH | | 1.40 hrs. | $168.00 |
| 11/18/03 | WJH | | 4.90 hrs. | $588.00 |
| 11/18/03 | RGS | | 10.00 hrs. | $3,900.00 |
| 11/19/03 | MCM | | 0.40 hrs. | $68.00 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

| Date | Initials | | Hours | Amount |
|------|----------|--|-------|--------|
| 11/19/03 | WJH | | 5.90 hrs. | $708.00 |
| 11/19/03 | RGS | | 1.20 hrs. | $468.00 |
| 11/20/03 | WJH | | 1.70 hrs. | $204.00 |
| 11/20/03 | RGS | | 0.30 hrs. | $117.00 |
| 11/24/03 | TST | | 1.50 hrs. | $465.00 |
| 11/24/03 | RGS | REDACTED | 1.20 hrs. | $468.00 |
| 11/26/03 | RGS | | 1.20 hrs. | $468.00 |
| 11/28/03 | RGS | | 0.30 hrs. | $117.00 |
| 12/01/03 | RGS | | 1.50 hrs. | $585.00 |
| 12/03/03 | RGS | | 0.80 hrs. | $312.00 |
| 12/08/03 | RGS | | 1.50 hrs. | $585.00 |
| 12/09/03 | RGS | | 10.00 hrs. | $3,900.00 |
| 12/11/03 | RGS | | 1.90 hrs. | $741.00 |
| 12/12/03 | RGS | | 0.20 hrs. | $78.00 |
| 12/15/03 | RGS | | 2.50 hrs. | $975.00 |
| 12/16/03 | DMS | | 0.80 hrs. | $320.00 |
| 12/16/03 | RGS | | 2.50 hrs. | $975.00 |
| 12/17/03 | RGS | | 2.50 hrs. | $975.00 |
| 12/22/03 | AEF | | 0.30 hrs. | $96.00 |
| 12/23/03 | RGS | | 1.20 hrs. | $468.00 |
| 12/29/03 | RGS | | 0.20 hrs. | $78.00 |
| 01/09/04 | RGS | | 0.20 hrs. | $79.00 |
| 01/12/04 | RGS | | 0.70 hrs. | $276.50 |
| 01/13/04 | RGS | REDACTED | 0.20 hrs. | $79.00 |
| 01/14/04 | RGS | | 2.30 hrs. | $908.50 |
| 01/15/04 | RGS | | 0.70 hrs. | $276.50 |
| 01/20/04 | RGS | | 0.60 hrs. | $237.00 |
| 01/21/04 | RGS | | 0.20 hrs. | $79.00 |
| 01/23/04 | RGS | | 0.60 hrs. | $237.00 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

| | | | | |
|---|---|---|---|---|
| 02/12/04 | RGS | REDACTED | 8.00 hrs. | $3,160.00 |
| 02/27/04 | RGS | | 0.90 hrs. | $355.50 |
| | | | | $42,897.00 |

OUT OF POCKET DISBURSEMENTS

| | | |
|---|---|---|
| 11/11/03 | | $233.00 |
| 11/11/03 | REDACTED | $20.00 |
| 11/11/03 | | $135.00 |
| 11/12/03 | | $170.00 |
| 11/20/03 | | $147.00 |
| 11/20/03 | | $25.00 |
| 12/09/03 | | $86.53 |
| 12/17/03 | | $326.00 |
| 12/17/03 | | $198.00 |
| 12/19/03 | | $233.00 |
| 12/19/03 | REDACTED | $25.00 |
| 02/12/04 | | $157.00 |
| 02/12/04 | | $25.00 |
| 02/19/04 | | $185.10 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY

| | |
|---|---|
| 02/19/04 | $153.60 |
| 02/25/04 | $113.00 |

REDACTED

| | |
|---|---|
| 02/29/04 | $36.00 |
| 02/29/04 | $31.95 |
| 02/29/04 | $0.74 |
| 02/29/04 | $77.38 |
| 02/29/04 | $37.50 |
| 02/29/04 | $78.00 |
| Total other charges for this matter | $2,493.80 |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| Flowers, Ann E. | 0.30 | hrs. | $96.00 |
| Helmstetter, William J. | 33.10 | hrs. | $3,972.00 |
| Moran, Maria C. | 29.50 | hrs. | $5,015.00 |
| Scott, Robert G. | 64.70 | hrs. | $25,233.00 |
| Scott, Robert G. | 14.40 | hrs. | $5,688.00 |
| Silverman, David M. | 0.80 | hrs. | $320.00 |
| Thompson, Scott T. | 8.30 | hrs. | $2,573.00 |
| TOTAL FEES | 151.10 | hrs. | $42,897.00 |
| TOTAL OTHER CHARGES | | | $2,493.80 |
| TOTAL CHARGES FOR THIS BILL | | | $45,390.80 |
| NET BALANCE FORWARD | | | $8,047.20 |
| DISCOUNT APPLIED | | | $36,812.00  CR |
| | | | ========== |
| **TOTAL BALANCE NOW DUE** | | | **$16,626.00** |

Next month's bill will reflect payments received after:   03/25/2004

# EXHIBIT B

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

---

April 29, 2004

| | | | |
|---|---|---|---|
| Global Network Communications, Inc | Billed through | 03/31/2004 | |
| 1559 Bassett Ave. | Invoice Number | 62343 | |
| Bronx, NY 10461 | | | |
| | Our File# | 2563 | 00001 | RGS |

General

| | |
|---|---|
| Balance forward as of invoice dated   03/25/04 | $16,626.00 |
| Payments applied since last invoice | $0.00 |
| | ============ |
| Net balance forward | $16,626.00 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Attorney | | Hours | | Amount |
|---|---|---|---|---|---|
| 03/19/04 | RGS | | 0.60 | hrs. | $237.00 |
| 03/22/04 | RGS | | 0.70 | hrs. | $276.50 |
| 03/23/04 | RGS | | 7.00 | hrs. | $2,765.00 |
| 03/24/04 | RGS | REDACTED | 0.10 | hrs. | $39.50 |
| 03/25/04 | RGS | | 1.30 | hrs. | $513.50 |
| 03/25/04 | MCM | | 1.10 | hrs. | $203.50 |
| 03/26/04 | RGS | | 0.50 | hrs. | $197.50 |
| 03/29/04 | RGS | | 2.30 | hrs. | $908.50 |
| 03/30/04 | RGS | | 0.30 | hrs. | $118.50 |
| 03/31/04 | RGS | | 0.60 | hrs. | $237.00 |
| | | Total fees for this matter | | | $5,496.50 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR
REMITTANCE.

OUT OF POCKET DISBURSEMENTS

03/31/04                                                                    $63.00

## REDACTED

03/31/04                                                                    $10.40


03/31/04                                                                    $1.68

                              Total other charges for this matter          $75.08

BILLING SUMMARY
| | | | |
|---|---|---|---|
| Moran, Maria C. | 1.10 | hrs. | $203.50 |
| Scott, Robert G. | 13.40 | hrs. | $5,293.00 |
| TOTAL FEES | 14.50 | hrs. | $5,496.50 |

TOTAL OTHER CHARGES                                           $75.08
INTEREST CHARGE ON PAST DUE BALANCE                          $80.47
TOTAL CHARGES FOR THIS BILL                                 $5,652.05

NET BALANCE FORWARD                                        $16,626.00
                                                          ==========

**TOTAL BALANCE NOW DUE**                                 **$22,278.05**

Next month's bill will reflect payments received after:   04/29/2004

EXHIBIT C

## Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

May 18, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY 10461

| Billed through | 04/30/2004 |
| Invoice Number | 62595 |

Our File#    2563    00001    RGS

General

| Balance forward as of invoice dated   04/29/04 | $22,278.05 |
| Payments applied since last invoice | $0.00 |
| | ============ |
| Net balance forward | $22,278.05 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | | | Hours | | Amount |
|------|--|--|-------|--|--------|
| 04/01/04 | RGS | | 0.50 | hrs. | N/C |
| 04/02/04 | RGS | | 1.00 | hrs. | $395.00 |
| 04/05/04 | RGS | | 0.80 | hrs. | $316.00 |
| 04/08/04 | RGS | REDACTED | 1.80 | hrs. | $711.00 |
| 04/08/04 | RGS | | 2.20 | hrs. | $869.00 |
| 04/22/04 | RGS | | 0.40 | hrs. | $158.00 |
| 04/27/04 | RGS | | 0.30 | hrs. | $118.50 |
| 04/28/04 | RGS | | 1.50 | hrs. | $592.50 |
| | | | | | $3,160.00 |

OUT OF POCKET DISBURSEMENTS

| 04/30/04 | REDACTED | $1.94 |
| 04/30/04 | | $14.00 |
| | | $15.94 |

| BILLING SUMMARY | | | |
|-----------------|--|--|--|
| Scott, Robert G. | 8.50 | hrs. | $3,160.00 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR
REMITTANCE.

| TOTAL FEES | 8.50 hrs. | $3,160.00 |
|---|---|---|
| TOTAL OTHER CHARGES | | $15.94 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $166.26 |
| TOTAL CHARGES FOR THIS BILL | | $3,342.20 |
| NET BALANCE FORWARD | | $22,278.05 |
| | | ========== |
| **TOTAL BALANCE NOW DUE** | | **$25,620.25** |

Next month's bill will reflect payments received after:   05/18/2004

EXHIBIT D

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

July 21, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY 10461

Billed through        06/30/2004
Invoice Number        64200

Our File#      2563      00001      RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated | 07/14/04 | $2,751.00 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $2,751.00 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Initials | Hours | Amount |
|---|---|---|---|
| 06/01/04 | TST | 1.20 hrs. | $390.00 |
| 06/02/04 | RGS | 0.30 hrs. | $118.50 |
| 06/03/04 | RGS | 1.20 hrs. | $474.00 |
| 06/03/04 | TST | 0.30 hrs. | $97.50 |
| 06/04/04 | TST | 1.50 hrs. | $487.50 |
| 06/07/04 | TST | 4.50 hrs. | $1,462.50 |
| 06/07/04 | DPW | 0.50 hrs. | $62.50 |
| 06/08/04 | TST | 0.30 hrs. | $97.50 |
| 06/08/04 | DPW | 2.50 hrs. | $312.50 |
| 06/09/04 | RGS | 0.70 hrs. | $276.50 |
| 06/09/04 | DPW | 3.50 hrs. | $437.50 |
| 06/10/04 | RGS | 2.70 hrs. | $1,066.50 |
| 06/10/04 | TST | 1.50 hrs. | $487.50 |
| 06/11/04 | MCM | 0.10 hrs. | $18.50 |
| 06/11/04 | RGS | 3.80 hrs. | $1,501.00 |

REDACTED

2563    Global Network                          Invoice #     64200                          Page 2
        Communications

| Date | | Hours | Amount |
|---|---|---|---|
| 06/11/04 | TST | 5.80 hrs. | $1,885.00 |
| 06/14/04 | RGS | 3.40 hrs. | $1,343.00 |
| 06/14/04 | TST | 4.00 hrs. | $1,300.00 |
| 06/15/04 | TST | 2.30 hrs. | $747.50 |
| 06/16/04 | MCM | 5.70 hrs. | $1,054.50 |
| 06/16/04 | TST | 0.50 hrs. | $162.50 |
| 06/17/04 | RGS | 2.80 hrs. | $1,106.00 |
| 06/17/04 | TST | 6.00 hrs. | $1,950.00 |
| 06/18/04 | TST | 2.30 hrs. | $747.50 |
| 06/20/04 | TST | 0.50 hrs. | $162.50 |
| 06/21/04 | MCM | 2.30 hrs. | $425.50 |
| 06/21/04 | TST | 6.80 hrs. | $2,210.00 |
| 06/22/04 | MCM | 2.10 hrs. | $388.50 |
| 06/22/04 | RGS | 4.70 hrs. | $1,856.50 |
| 06/23/04 | MCM | 3.20 hrs. | $592.00 |
| 06/23/04 | RGS | 4.80 hrs. | $1,896.00 |
| 06/24/04 | TST | 3.10 hrs. | $1,007.50 |
| 06/25/04 | TST | 0.40 hrs. | $130.00 |
| 06/27/04 | TST | 0.50 hrs. | $162.50 |
| 06/28/04 | TST | 3.80 hrs. | $1,235.00 |
| 06/29/04 | TST | 0.90 hrs. | $292.50 |

REDACTED

Total fees for this matter          $27,944.50

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

2563     Global Network                    Invoice #     64200                                Page 3
         Communications

OUT OF POCKET DISBURSEMENTS
06/30/04                                                                          $18.00
06/30/04                                                                           $1.92
06/30/04                         REDACTED                                          $0.60
06/30/04                                                                           $8.86
06/30/04                                                                         $441.50

                                                                                 $470.88


         TOTAL FEES                              120.00  hrs.                  $27,944.50

         TOTAL OTHER CHARGES                                                     $470.88
         INTEREST CHARGE ON PAST DUE BALANCE                                       $0.81
         TOTAL CHARGES FOR THIS BILL                                          $28,416.19

         NET BALANCE FORWARD                                                   $2,751.00
         **TOTAL BALANCE NOW DUE**                                            **$31,167.19**

Next months bill will reflect payments received after:     07/21/2004

EXHIBIT E

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

August 19, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY  10461

| | |
|---|---|
| Billed through | 07/31/2004 |
| Invoice Number | 64703 |

Our File#    2563    00001    RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated    07/21/04 | | $31,167.19 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $31,167.19 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Initials | Hours | Amount |
|---|---|---|---|
| 07/01/04 | TST | 0.70 hrs. | $227.50 |
| 07/02/04 | MCM | 3.00 hrs. | $555.00 |
| 07/02/04 | TST | 0.60 hrs. | $195.00 |
| 07/06/04 | MCM | 7.00 hrs. | $1,295.00 |
| 07/06/04 | TST | 4.30 hrs. | $1,397.50 |
| 07/07/04 | MCM | 0.80 hrs. | $148.00 |
| 07/08/04 | TST | 1.30 hrs. | $422.50 |
| 07/09/04 | MCM | 1.40 hrs. | $259.00 |
| 07/09/04 | TST | 5.50 hrs. | $1,787.50 |
| 07/11/04 | RGS | 1.80 hrs. | $711.00 |
| 07/12/04 | MCM | 6.00 hrs. | $1,110.00 |
| 07/12/04 | RGS | 1.90 hrs. | $750.50 |

REDACTED

| 2563 | Global Network Communications | Invoice #  64703 | | Page 2 |
|------|---------|---------|---------|---------|

| 07/12/04 | TST | | 2.90 hrs. | $942.50 |
| 07/13/04 | MCM | | 7.20 hrs. | $1,332.00 |
| 07/13/04 | TST | | 1.90 hrs. | $617.50 |
| 07/15/04 | TST | | 0.20 hrs. | $65.00 |
| 07/16/04 | RGS | | 0.30 hrs. | $118.50 |
| 07/16/04 | TST | | 4.40 hrs. | $1,430.00 |
| 07/18/04 | TST | | 1.50 hrs. | $487.50 |
| 07/19/04 | MCM | | 1.90 hrs. | $351.50 |
| 07/19/04 | TST | | 1.30 hrs. | $422.50 |
| 07/20/04 | MCM | | 1.30 hrs. | $240.50 |
| 07/20/04 | RGS | | 0.60 hrs. | $237.00 |
| 07/21/04 | MCM | | 2.20 hrs. | $407.00 |
| 07/22/04 | RGS | | 0.70 hrs. | $276.50 |
| 07/22/04 | TST | | 1.30 hrs. | $422.50 |
| 07/23/04 | RGS | | 0.80 hrs. | $316.00 |

REDACTED

Total fees for this matter  $16,525.00

OUT OF POCKET DISBURSEMENTS

| 07/02/04 | $37.00 |
| 07/21/04 | $42.45 |
| 07/21/04 | $80.40 |
| 07/31/04 | $13.00 |
| 07/31/04 | $7.38 |
| 07/31/04 | $27.34 |
| 07/31/04 | $58.75 |

REDACTED

Total other charges for this matter  $266.32

2563    Global Network                    Invoice #    64703                        Page 3
        Communications


TOTAL FEES                                62.80  hrs.        $16,525.00

TOTAL OTHER CHARGES                                            $266.32
INTEREST CHARGE ON PAST DUE BALANCE                             $0.81
TOTAL CHARGES FOR THIS BILL                                $16,792.13

NET BALANCE FORWARD                                        $31,167.19
**TOTAL BALANCE NOW DUE**                                  **$47,959.32**

Next months bill will reflect payments received after:    08/19/2004

EXHIBIT F

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

September 28, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY 10461

| | |
|---|---|
| Billed through | 08/31/2004 |
| Invoice Number | 65661 |

Our File#     2563     00001     RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated | 08/19/04 | $47,959.32 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $47,959.32 |

FOR PROFESSIONAL SERVICES RENDERED

| | | | |
|---|---|---|---|
| 08/03/04 | RGS | 395.00 /hr | 158.00 |
| 08/05/04 | RGS | 395.00 /hr | 750.50 |
| | REDACTED | | |
| 08/06/04 | RGS | 395.00 /hr | 355.50 |
| 08/19/04 | RGS | 395.00 /hr | 197.50 |

Total fees for this matter     $1,461.50

OUT OF POCKET DISBURSEMENTS
07/02/04                                                        $39.71

07/06/04              REDACTED                            $99.39

07/07/04                                                        $7.05

2563   Global Network                  Invoice #    65661                   Page 2
        Communications

| Date | Amount |
|------|--------|
| 07/09/04 | $9.65 |
| 07/12/04 | $12.41 |
| 07/12/04 | $68.96 |
| 07/13/04 | $83.11 |
| 07/16/04 | $29.68 |
| 07/20/04 | $53.36 |
| 07/20/04 | $46.80 |
| 07/21/04 | $4.03 |
| 07/22/04 | $50.63 |
| 08/02/04 | $2.08 |
| 08/31/04 | $2.00 |
| 08/31/04 | $0.08 |

REDACTED

REDACTED

Total other charges for this matter    $508.94

**BILLING SUMMARY**

| | | |
|---|---|---|
| TOTAL FEES | 4.20 hrs. | $1,461.50 |
| TOTAL OTHER CHARGES | | $508.94 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $309.44 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS. DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT. PLEASE RETURN DUPLICATE COPY WITH YOUR

2563     Global Network                    Invoice #    65661                              Page 3
         Communications

      TOTAL CHARGES FOR THIS BILL                                    $2,279.88

      NET BALANCE FORWARD                                            $47,959.32
                                                                        ==========
    **TOTAL BALANCE NOW DUE**                                        **$50,239.20**

**FEES BILLED INCEPTION TO DATE:**                                       **$159,031.70**


**TIME KEEPER SUMMARY**            hrs.                /hr.

RGS                               3.70               395.00


Next months bill will reflect payments received after:     09/28/2004

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT G

## Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

---

October 15, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY 10461

Billed through      09/30/2004
Invoice Number      65784

Our File#      2563      00001      RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated      09/28/04 | | $50,239.20 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $50,239.20 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | TK | | hrs | rate | Amount |
|---|---|---|---|---|---|
| 09/02/04 | RGS | | 0.60 hrs | 395.00 /hr | 237.00 |
| 09/15/04 | RGS | | 0.70 hrs | 395.00 /hr | 276.50 |
| 09/22/04 | RGS | | 0.90 hrs | 395.00 /hr | 355.50 |
| | | REDACTED | | | |
| 09/28/04 | RGS | | 0.70 hrs | 395.00 /hr | 276.50 |
| 09/28/04 | TST | | 0.30 hrs | 325.00 /hr | 97.50 |
| 09/29/04 | RGS | | 0.90 hrs | 395.00 /hr | 355.50 |

Total fees for this matter      $1,598.50

**BILLING SUMMARY**

| | | |
|---|---|---|
| TOTAL FEES | 4.60  hrs. | $1,598.50 |
| TOTAL OTHER CHARGES | | $0.00 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $477.36 |
| TOTAL CHARGES FOR THIS BILL | | $2,075.86 |
| NET BALANCE FORWARD | | $50,239.20 |
| | | ========== |
| **TOTAL BALANCE NOW DUE** | | **$52,315.06** |
| FEES BILLED INCEPTION TO DATE: | | $160,493.20 |

**TIME KEEPER SUMMARY**            hrs.            /hr.

2563    Global Network                  Invoice #    65784                              Page 2
        Communications

RGS                              3.80              395.00


TST                              0.30              325.00




Next months bill will reflect payments received after:    10/15/2004

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS. DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT. PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT H

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

---

November 22, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY 10461

Billed through        10/31/2004
Invoice Number        66384

Our File#    2563    00001    RGS

General

| Balance forward as of invoice dated | 10/15/04 | $52,315.06 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $52,315.06 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Attorney | Hours | Rate | Amount |
|---|---|---|---|---|
| 10/05/04 | RGS | 0.80 hrs | 395.00 /hr | 316.00 |
| 10/06/04 | RGS | 1.10 hrs | 395.00 /hr | 434.50 |
| 10/12/04 | RGS | 0.20 hrs | 395.00 /hr | 79.00 |
| 10/15/04 | EZD | 2.60 hrs | 0.00 /hr | 0.00 |
| 10/20/04 | EZD | 2.80 hrs | 0.00 /hr | 0.00 |
| 10/22/04 | RGS | 0.30 hrs | 395.00 /hr | 118.50 |
| 10/22/04 | EZD | 2.00 hrs | 0.00 /hr | 0.00 |
| 10/26/04 | EZD | 3.00 hrs | 0.00 /hr | 0.00 |
| 10/27/04 | RGS | 0.30 hrs | 395.00 /hr | 118.50 |
| 10/28/04 | RGS | 0.60 hrs | 395.00 /hr | 237.00 |

REDACTED

REDACTED

2563    Global Network              Invoice #    66384                    Page 2
        Communications

| 10/28/04 | EZD | | 6.50 hrs | 0.00 /hr | 0.00 |

REDACTED

| 10/29/04 | RGS | | 0.50 hrs | 395.00 /hr | 197.50 |

Total fees for this matter          $1,501.00

**OUT OF POCKET DISBURSEMENTS**
10/31/00                                                    $2.50

10/04/04                    REDACTED                        $0.06

10/31/04                                                    $11.00


Total other charges for this matter          $13.56

**BILLING SUMMARY**

| | | | |
|---|---|---|---|
| TOTAL FEES | 20.70 hrs. | $1,501.00 |
| TOTAL OTHER CHARGES | | $13.56 |
| TOTAL CHARGES FOR THIS BILL | | $1,514.56 |
| NET BALANCE FORWARD | | $52,315.06 |
| | | ========== |
| **TOTAL BALANCE NOW DUE** | | **$53,829.62** |

**FEES BILLED INCEPTION TO DATE:**                     $162,091.70

| TIME KEEPER SUMMARY | hrs. | /hr. |
|---|---|---|
| EZD | 16.90 | 0.00 |
| RGS | 3.80 | 395.00 |

2563    Global Network                    Invoice #    66384                              Page 3
        Communications

Next months bill will reflect payments received after:     11/22/2004

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS. DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT I

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

December 31, 2004

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY  10461

Billed through        11/30/2004
Invoice Number        66923

Our File#    2563    00001    RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated    11/22/04 | | $53,829.62 |
| Payments applied since last invoice | | $12,000.00 |
| | | ============ |
| Net balance forward | | $41,829.62 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Initials | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/01/04 | RGS | | 1.30 hrs | 395.00 /hr | 513.50 |
| 11/03/04 | EZD | | 4.90 hrs | 0.00 /hr | 0.00 |
| | | REDACTED | | | |
| 11/04/04 | RGS | | 1.40 hrs | 395.00 /hr | 553.00 |
| 11/05/04 | RGS | | 1.80 hrs | 395.00 /hr | 711.00 |
| 11/05/04 | EZD | | 2.20 hrs | 120.00 /hr | 264.00 |
| 11/08/04 | RGS | | 2.20 hrs | 395.00 /hr | 869.00 |
| 11/09/04 | RGS | | 1.80 hrs | 395.00 /hr | 711.00 |
| 11/09/04 | TST | | 0.50 hrs | 325.00 /hr | 162.50 |
| 11/10/04 | RGS | | 2.10 hrs | 395.00 /hr | 829.50 |
| 11/11/04 | RGS | | 0.90 hrs | 395.00 /hr | 355.50 |
| 11/12/04 | RGS | REDACTED | 1.40 hrs | 395.00 /hr | 553.00 |
| 11/16/04 | RGS | | 1.40 hrs | 395.00 /hr | 553.00 |
| 11/19/04 | RGS | | 1.10 hrs | 395.00 /hr | 434.50 |

| 2563 | Global Network Communications | Invoice # | 66923 | | | Page 2 |
|------|------|------|------|------|------|------|
| 11/22/04 | RGS | | | 0.30 hrs | 395.00 /hr | 118.50 |
| 11/23/04 | MCM | | | 0.40 hrs | 185.00 /hr | 74.00 |
| 11/29/04 | RGS | REDACTED | | 0.50 hrs | 395.00 /hr | 197.50 |
| 11/29/04 | TST | | | 2.30 hrs | 325.00 /hr | 747.50 |
| 11/30/04 | MCM | | | 1.10 hrs | 185.00 /hr | 203.50 |
| 11/30/04 | RGS | | | 1.30 hrs | 395.00 /hr | 513.50 |

Total fees for this matter          $8,364.00

OUT OF POCKET DISBURSEMENTS
10/28/04                                                          $7.52

11/04/04                                                          $0.74

REDACTED

11/04/04                                                          $0.80

11/30/04                                                          $550.50

Total other charges for this matter          $559.56

**BILLING SUMMARY**

TOTAL FEES                    28.90 hrs.          $8,364.00

TOTAL OTHER CHARGES                              $559.56
INTEREST CHARGE ON PAST DUE BALANCE              $513.05
TOTAL CHARGES FOR THIS BILL                      $9,436.61

NET BALANCE FORWARD                             $41,829.62
                                            ==========
**TOTAL BALANCE NOW DUE**                       **$51,266.23**

**FEES BILLED INCEPTION TO DATE:**              **$163,592.70**

**TIME KEEPER SUMMARY**          hrs.          /hr.

EZD                              4.90          0.00

2563    Global Network                    Invoice #    66923                                    Page 3
        Communications

EZD                                        2.20                    120.00

MCM                                        1.50                    185.00

RGS                                       17.50                    395.00

TST                                        2.80                    325.00

Next months bill will reflect payments received after:      12/31/2004

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT J

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

---

March 8, 2005

| | |
|---|---|
| Global Network Communications, Inc | Billed through 01/31/2005 |
| 1559 Bassett Ave. | Invoice Number 67817 |
| Bronx, NY 10461 | |
| | Our File# 2563 00001 RGS |

General

| | | | | |
|---|---|---|---|---|
| Balance forward as of invoice dated | 12/31/04 | | | $51,266.23 |
| Payments applied since last invoice | | | | $15,000.00 |
| | | | | ============ |
| Net balance forward | | | | $36,266.23 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Initials | | Hours | Amount |
|---|---|---|---|---|
| 12/01/04 | RGS | | 0.50 hrs. | $197.50 |
| 12/01/04 | RGS | REDACTED | 4.20 hrs. | $1,659.00 |
| 12/02/04 | TST | | 1.80 hrs. | $585.00 |
| 12/03/04 | JPG | | 2.40 hrs. | $348.00 |
| 12/03/04 | MCM | | 0.70 hrs. | $129.50 |
| 12/03/04 | RGS | | 1.30 hrs. | $513.50 |
| 12/03/04 | TST | | 5.80 hrs. | $1,885.00 |
| 12/06/04 | RGS | | 4.80 hrs. | $1,896.00 |
| 12/08/04 | MCM | | 0.20 hrs. | $37.00 |
| 12/08/04 | RGS | REDACTED | 1.40 hrs. | $553.00 |
| 12/08/04 | JMT | | 1.30 hrs. | $175.50 |
| 12/09/04 | RGS | | 0.30 hrs. | $118.50 |
| 12/09/04 | RGS | | 2.20 hrs. | $869.00 |

2563     Global Network                          Invoice #    67817                                    Page 2
         Communications

| 12/09/04 | JMT | | 2.50 hrs. | $337.50 |
|---|---|---|---|---|
| 12/10/04 | RGS | | 1.30 hrs. | $513.50 |
| 12/11/04 | MCM | | 0.20 hrs. | $37.00 |
| 12/13/04 | MCM | REDACTED | 1.20 hrs. | $222.00 |
| 12/13/04 | RGS | | 5.30 hrs. | $2,093.50 |
| 12/13/04 | TST | | 0.70 hrs. | $227.50 |
| 12/13/04 | JMT | | 7.10 hrs. | $958.50 |
| 12/14/04 | MCM | | 0.20 hrs. | $37.00 |
| 12/14/04 | RGS | | 1.70 hrs. | $671.50 |
| 12/14/04 | JMT | | 6.60 hrs. | $891.00 |
| 12/15/04 | RGS | | 3.30 hrs. | $1,303.50 |
| 12/15/04 | JMT | | 3.40 hrs. | $459.00 |
| 12/16/04 | MCM | | 4.00 hrs. | $740.00 |
| 12/16/04 | RGS | | 2.80 hrs. | $1,106.00 |
| 12/17/04 | MCM | | 5.60 hrs. | $1,036.00 |
| 12/17/04 | TST | REDACTED | 1.60 hrs. | $520.00 |
| 12/19/04 | TST | | 1.00 hrs. | $325.00 |
| 12/20/04 | RGS | | 1.90 hrs. | $750.50 |
| 12/20/04 | TST | | 9.50 hrs. | $3,087.50 |
| 12/20/04 | JMT | | 5.70 hrs. | $769.50 |
| 12/21/04 | MCM | | 3.50 hrs. | $647.50 |
| 12/21/04 | RGS | | 2.50 hrs. | $987.50 |
| 12/21/04 | TST | | 5.90 hrs. | $1,917.50 |
| 12/21/04 | JMT | | 4.30 hrs. | $580.50 |

| 2563 | Global Network Communications | Invoice #   67817 | | Page 3 |
|---|---|---|---|---|
| 12/22/04 | MCM | | 5.90 hrs. | $1,091.50 |
| 12/22/04 | RGS | | 2.60 hrs. | $1,027.00 |
| 12/27/04 | MCM | | 9.90 hrs. | $1,831.50 |

REDACTED

| | | | | |
|---|---|---|---|---|
| 12/27/04 | RGS | | 1.80 hrs. | $711.00 |
| 12/28/04 | MCM | | 8.90 hrs. | $1,646.50 |
| 12/30/04 | RGS | | 1.80 hrs. | $711.00 |
| 12/31/04 | MCM | | 1.50 hrs. | $277.50 |
| 12/31/04 | RGS | | 4.30 hrs. | $1,698.50 |
| 01/03/05 | RGS | | 7.90 hrs. | $3,318.00 |
| 01/04/05 | MCM | | 5.70 hrs. | $1,225.50 |
| 01/04/05 | RGS | | 6.30 hrs. | $2,646.00 |
| 01/05/05 | MCM | | 8.90 hrs. | $1,913.50 |
| 01/05/05 | TST | | 1.20 hrs. | $414.00 |
| 01/05/05 | JMT | | 4.70 hrs. | $752.00 |
| 01/06/05 | MCM | | 4.30 hrs. | $924.50 |
| 01/06/05 | RGS | | 1.30 hrs. | $546.00 |

REDACTED

| | | | | |
|---|---|---|---|---|
| 01/07/05 | MCM | | 3.60 hrs. | $774.00 |
| 01/07/05 | TST | | 1.00 hrs. | $345.00 |
| 01/09/05 | TST | | 1.50 hrs. | $517.50 |
| 01/10/05 | TST | | 2.60 hrs. | $897.00 |
| 01/10/05 | JMT | | 4.30 hrs. | $688.00 |
| 01/11/05 | RGS | | 4.80 hrs. | $2,016.00 |
| 01/11/05 | TST | | 5.00 hrs. | $1,725.00 |
| 01/11/05 | JMT | | 4.10 hrs. | $656.00 |
| 01/12/05 | MCM | | 11.10 hrs. | $2,386.50 |

2563    Global Network                    Invoice #    67817                    Page 4
        Communications

| Date | Code | | Hours | Amount |
|------|------|------|------|------|
| 01/12/05 | RGS | | 8.20 hrs. | $3,444.00 |
| 01/13/05 | MCM | REDACTED | 7.40 hrs. | $1,591.00 |
| 01/13/05 | RGS | | 7.00 hrs. | $2,940.00 |
| 01/19/05 | RGS | | 0.40 hrs. | $168.00 |
| | | | | $68,067.50 |

OUT OF POCKET DISBURSEMENTS

| Date | | Amount |
|------|------|------|
| 11/05/04 | | $16.89 |
| 11/08/04 | | $20.77 |
| 11/12/04 | | $1.57 |
| 11/12/04 | | $5.67 |
| 11/29/04 | | $5.66 |
| 12/09/04 | | $4.77 |
| 12/13/04 | REDACTED | $146.57 |
| 12/14/04 | | $371.06 |
| 12/15/04 | | $32.80 |
| 12/17/04 | | $80.05 |
| 12/17/04 | | $1.28 |
| 12/20/04 | | $19.32 |
| 12/20/04 | | $138.60 |
| 12/21/04 | | $22.50 |
| 12/21/04 | | $7.33 |
| 12/22/04 | | $46.24 |
| 12/27/04 | | $97.70 |
| 12/28/04 | | $73.52 |
| 12/30/04 | REDACTED | $40.24 |
| 12/31/04 | | $240.50 |
| 01/04/05 | | $0.08 |

2563    Global Network              Invoice #    67817                        Page 5
        Communications
01/31/05                                                                    $25.00
01/31/05                        REDACTED                                    $21.89


01/31/05          .        .      .                                       $1,338.00
                                Total other charges for this matter        $2,758.01

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| CLP | 0.00 | 125.00 | $0.00 |
| GHL | 0.00 | 130.00 | $0.00 |
| JMT | 44.00 | 142.44 | $6,267.50 |
| JPG | 2.40 | 145.00 | $348.00 |
| MCM | 82.80 | 199.10 | $16,548.00 |
| MP | 0.00 | 175.00 | $0.00 |
| RGS | 79.90 | 408.20 | $32,458.00 |
| TLW | 0.00 | 175.00 | $0.00 |
| TST | 37.60 | 333.41 | $12,446.00 |
| Subtotal Fees: | 246.70 | | $68,067.50 |


TOTAL FEES                        246.70  hrs.              $68,067.50

TOTAL OTHER CHARGES                                         $2,758.01
INTEREST CHARGE ON PAST DUE BALANCE                           $349.65
TOTAL CHARGES FOR THIS BILL                                $71,175.16

NET BALANCE FORWARD                                        $36,266.23
**TOTAL BALANCE NOW DUE**                                 **$107,441.39**

Next months bill will reflect payments received after:    03/08/2005

EXHIBIT K

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

---

March 21, 2005

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY  10461
USA

Billed through         02/28/2005
Invoice Number     67939

Our File#      2563      00001    RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated   03/08/05 | | $107,441.39 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $107,441.39 |
| | Total fees for this matter | $0.00 |

OUT OF POCKET DISBURSEMENTS

| | |
|---|---|
| 01/04/05 | $5.95 |
| 01/05/05 | $41.32 |
| 01/05/05 | $4.26 |
| 01/06/05 | $21.31 |
| 01/10/05 | $7.87 |
| 01/11/05 | $23.36 |
| 01/12/05 | $44.73 |
| 01/12/05 | $15.30 |

REDACTED

2563    Global Network                    Invoice #    67939                        Page 2
        Communications

| Date | Amount |
|------|--------|
| 01/13/05 | $11.01 |
| 02/02/05 | $55.27 |
| 02/07/05 | $0.42 |
| 02/08/05 | $0.87 |
| 02/08/05 | $966.69 |
| 02/08/05 | $187.40 |
| 02/28/05 | $11.00 |
| 02/28/05 | $167.32 |
| 02/28/05 | $0.24 |

REDACTED

Total other charges for this matter    $1,564.32

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---------------|-------------|-------------|--------------|
| Subtotal Fees: | 0.00 | | $0.00 |

TOTAL FEES                                      0.00  hrs.              $0.00

TOTAL OTHER CHARGES                                              $1,564.32
INTEREST CHARGE ON PAST DUE BALANCE                               $349.65
TOTAL CHARGES FOR THIS BILL                                     $1,913.97

NET BALANCE FORWARD                                           $107,441.39
**TOTAL BALANCE NOW DUE**                                    **$109,355.36**

Next months bill will reflect payments received after:    03/21/2005

EXHIBIT L

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

April 25, 2005

| | | |
|---|---|---|
| Global Network Communications, Inc | Billed through | 03/31/2005 |
| 1559 Bassett Ave. | Invoice Number | 68488 |
| Bronx, NY  10461 | | |
| USA | | |

Our File#    2563    00001    RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated    03/21/05 | | $109,355.36 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $109,355.36 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Attorney | | Hours | Amount |
|---|---|---|---|---|
| 03/11/05 | MCM | | 0.20 hrs. | $43.00 |
| 03/14/05 | MCM | | 0.20 hrs. | $43.00 |
| 03/15/05 | RGS | | 0.30 hrs. | $126.00 |
| 03/22/05 | RGS | | 1.80 hrs. | $756.00 |
| 03/23/05 | RGS | REDACTED | 0.50 hrs. | $210.00 |
| 03/24/05 | RGS | | 0.80 hrs. | $336.00 |
| 03/28/05 | RGS | | 0.90 hrs. | $378.00 |
| 03/29/05 | RGS | | 0.90 hrs. | $378.00 |
| 03/30/05 | RGS | | 0.50 hrs. | $210.00 |
| 03/31/05 | RGS | | 0.60 hrs. | $252.00 |
| | | Total fees for this matter | | $2,732.00 |

OUT OF POCKET DISBURSEMENTS

| | | |
|---|---|---|
| 03/31/05 | REDACTED | $0.37 |
| 03/31/05 | | $1.50 |
| | Total other charges for this matter | $1.87 |

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| MCM | 0.40 | 215.00 | $86.00 |
| RGS | 6.30 | 420.00 | $2,646.00 |

| 2563 | Global Network Communications | | Invoice # | 68488 | | Page 2 |

| Subtotal Fees: | 6.70 | | $2,732.00 |

| TOTAL FEES | 6.70 hrs. | $2,732.00 |

| TOTAL OTHER CHARGES | | $1.87 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $349.65 |
| TOTAL CHARGES FOR THIS BILL | | $3,083.52 |

| NET BALANCE FORWARD | | $109,355.36 |
| **TOTAL BALANCE NOW DUE** | | **$112,438.88** |

Next months bill will reflect payments received after:     04/25/2005

EXHIBIT M

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

May 19, 2005

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY  10461
USA

| | | |
|---|---|---|
| Billed through | 04/30/2005 |
| Invoice Number | 68913 |

Our File#     2563     00001     RGS

## General

| | | |
|---|---|---|
| Balance forward as of invoice dated    04/25/05 | | $112,438.88 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $112,438.88 |
| FOR PROFESSIONAL SERVICES RENDERED | | |
| 04/29/05 | 0.70 hrs. | $150.50 |
| | | |
| | | $150.50 |

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| MCM | 0.70 | 215.00 | $150.50 |
| Subtotal Fees: | 0.70 | | $150.50 |

| | | |
|---|---|---|
| TOTAL FEES | 0.70  hrs. | $150.50 |
| TOTAL OTHER CHARGES | | $0.00 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $1,073.55 |
| TOTAL CHARGES FOR THIS BILL | | $1,224.05 |
| NET BALANCE FORWARD | | $112,438.88 |
| **TOTAL BALANCE NOW DUE** | | **$113,662.93** |

Next months bill will reflect payments received after:     05/19/2005

EXHIBIT N

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

June 23, 2005

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY  10461
USA

Billed through     05/31/2005
Invoice Number     69389

Our File#     2563     00001     RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated     05/19/05 | | $113,662.93 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $113,662.93 |

FOR PROFESSIONAL SERVICES RENDERED

| | | | |
|---|---|---|---|
| 05/11/05 | RGS | 3.30 hrs. | $1,386.00 |
| 05/24/05 | MCM | 5.40 hrs. | $1,161.00 |
| 05/24/05 | RGS     REDACTED | 1.50 hrs. | $630.00 |
| 05/25/05 | RGS | 2.50 hrs. | $1,050.00 |
| 05/26/05 | MCM | 2.80 hrs. | $602.00 |
| 05/26/05 | RGS | 0.80 hrs. | $336.00 |
| 05/27/05 | RGS | 2.30 hrs. | $966.00 |

Total fees for this matter     $6,131.00

OUT OF POCKET DISBURSEMENTS

| | |
|---|---|
| 05/09/05 | $0.03 |
| 05/31/05     REDACTED | $2.00 |
| 05/31/05 | $14.16 |

Total other charges for this matter     $16.19

2563     Global Network                          Invoice #     69389                                    Page 2
         Communications

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---------------|-------------|-------------|--------------|
| MCM           | 8.20        | 215.00      | $1,763.00    |
| RGS           | 10.40       | 420.00      | $4,368.00    |
| Subtotal Fees: | 18.60      |             | $6,131.00    |

| | | |
|---|---|---|
| TOTAL FEES | 18.60  hrs. | $6,131.00 |
| TOTAL OTHER CHARGES | | $16.19 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $1,100.88 |
| TOTAL CHARGES FOR THIS BILL | | $7,248.07 |
| NET BALANCE FORWARD | | $113,662.93 |
| **TOTAL BALANCE NOW DUE** | | **$120,911.00** |

Next months bill will reflect payments received after:     06/23/2005

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT O

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

August 24, 2005

Global Network Communications, Inc
1559 Bassett Ave.
Bronx, NY  10461
USA

| Billed through | 07/31/2005 |
|---|---|
| Invoice Number | 70116 |

Our File#    2563    00001    RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated    06/23/05 | | $120,911.00 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $120,911.00 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Initials | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 06/07/05 | RGS | | 1.90 hrs. | 420 | $798.00 |
| 06/08/05 | MCM | | 0.50 hrs. | 215 | $107.50 |
| 06/08/05 | RGS | | 3.00 hrs. | 420 | $1,260.00 |
| 06/09/05 | RGS | | 0.90 hrs. | 420 | $378.00 |
| 06/10/05 | MCM | | 0.10 hrs. | 215 | $21.50 |
| 06/10/05 | RGS | | 2.20 hrs. | 420 | $924.00 |
| 06/10/05 | TST | REDACTED | 0.50 hrs. | 345 | $172.50 |
| 06/13/05 | RGS | | 1.60 hrs. | 420 | $672.00 |
| 06/14/05 | RGS | | 2.80 hrs. | 420 | $1,176.00 |
| 06/15/05 | RGS | | 9.00 hrs. | 420 | $3,780.00 |
| 06/15/05 | TST | | 0.20 hrs. | 345 | $69.00 |
| 06/16/05 | RGS | | 4.20 hrs. | 420 | $1,764.00 |
| 06/17/05 | RGS | | 3.50 hrs. | 420 | $1,470.00 |

2563    Global Network                          Invoice #    70116                              Page 2
        Communications

| Date | Code | | Hours | Rate | Amount |
|------|------|--|-------|------|--------|
| 06/18/05 | RGS | | 1.80 hrs. | 420 | $756.00 |
| 06/18/05 | TST | | 2.00 hrs. | 345 | $690.00 |
| 06/18/05 | IB | | 0.20 hrs. | 130 | $26.00 |
| 06/19/05 | RGS | | 0.70 hrs. | 420 | $294.00 |
| 06/19/05 | TST | | 2.00 hrs. | 345 | $690.00 |
| 06/20/05 | MCM | REDACTED | 1.90 hrs. | 215 | $408.50 |
| 06/20/05 | RGS | | 7.50 hrs. | 420 | $3,150.00 |
| 06/20/05 | TST | | 0.50 hrs. | 345 | $172.50 |
| 06/21/05 | MCM | | 4.40 hrs. | 215 | $946.00 |
| 06/21/05 | RGS | | 1.00 hrs. | 420 | $420.00 |
| 06/21/05 | TST | | 1.60 hrs. | 345 | $552.00 |
| 06/22/05 | MCM | | 7.10 hrs. | 215 | $1,526.50 |
| 06/22/05 | RGS | | 3.90 hrs. | 420 | $1,638.00 |
| 06/22/05 | TST | | 4.40 hrs. | 345 | $1,518.00 |
| 06/23/05 | MCM | | 5.00 hrs. | 215 | $1,075.00 |
| 06/23/05 | RGS | | 2.30 hrs. | 420 | $966.00 |
| 06/23/05 | TST | | 0.30 hrs. | 345 | $103.50 |
| 06/24/05 | MCM | | 4.60 hrs. | 215 | $989.00 |
| 06/24/05 | RGS | REDACTED | 1.00 hrs. | 420 | $420.00 |
| 06/24/05 | TST | | 1.40 hrs. | 345 | $483.00 |
| 06/25/05 | RGS | | 0.60 hrs. | 420 | $252.00 |
| 06/27/05 | MCM | | 0.20 hrs. | 215 | $43.00 |
| 07/01/05 | MCM | | 0.70 hrs. | 215 | $150.50 |
| 07/01/05 | RGS | | 0.50 hrs. | 420 | $210.00 |
| 07/05/05 | MCM | | 1.70 hrs. | 215 | $365.50 |
| 07/06/05 | MCM | | 3.30 hrs. | 215 | $709.50 |
| 07/07/05 | MCM | | 1.00 hrs. | 215 | $215.00 |
| 07/07/05 | RGS | | 0.60 hrs. | 420 | $252.00 |
| 07/08/05 | RGS | | 1.60 hrs. | 420 | $672.00 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS. DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT. PLEASE RETURN DUPLICATE COPY WITH YOUR

| 2563 | Global Network Communications | Invoice #    70116 | | | Page 3 |
|------|-------------------------------|--------------------|--|--|--------|
| 07/11/05 | MCM | | 0.10 hrs. | 215 | $21.50 |
| 07/12/05 | MCM | | 0.10 hrs. | 215 | $21.50 |
| 07/18/05 | RGS | | 0.90 hrs. | 420 | $378.00 |
| 07/20/05 | RGS | | 2.80 hrs. | 420 | $1,176.00 |
| 07/21/05 | RGS | | 3.80 hrs. | 420 | $1,596.00 |

REDACTED

| | | | | | |
|------|-----|--|-----------|-----|-----------|
| 07/22/05 | RGS | | 2.30 hrs. | 420 | $966.00 |
| 07/22/05 | TST | | 0.20 hrs. | 345 | $69.00 |
| 07/25/05 | RGS | | 1.20 hrs. | 420 | $504.00 |
| 07/26/05 | RGS | | 2.90 hrs. | 420 | $1,218.00 |
| 07/27/05 | RGS | | 0.80 hrs. | 420 | $336.00 |
| 07/28/05 | RGS | | 0.50 hrs. | 420 | $210.00 |
| 07/29/05 | RGS | | 1.30 hrs. | 420 | $546.00 |

Total fees for this matter          $39,328.00

OUT OF POCKET DISBURSEMENTS

| 05/24/05 | $58.80 |
|----------|--------|
| 05/24/05 | $66.62 |
| 06/13/05 | $20.27 |
| 06/13/05 | $25.26 |

REDACTED

| 06/14/05 | $35.97 |
|----------|--------|
| 06/15/05 | $40.00 |
| 06/15/05 | $16.08 |
| 06/18/05 | $19.76 |
| 06/19/05 | $35.21 |

2563     Global Network                         Invoice #     70116                         Page 4
          Communications

| 06/22/05 | | $190.00 |
| 06/22/05 | | $190.00 |
| 06/22/05 | | $0.54 |
| | REDACTED | |
| 06/23/05 | | $38.14 |
| 06/24/05 | | $2.85 |
| 06/30/05 | | $967.00 |
| 07/06/05 | | $35.00 |
| 07/06/05 | | $28.00 |
| 07/07/05 | | $348.89 |
| 07/18/05 | | -$40.00 |
| 07/18/05 | REDACTED | -$190.00 |
| 07/31/05 | | $3.00 |
| 07/31/05 | | $190.00 |
| 07/31/05 | | $0.74 |
| 07/31/05 | | $64.75 |
| 07/31/05 | | $26.00 |

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| IB | 0.20 | 130.00 | $26.00 |
| MCM | 30.70 | 215.00 | $6,600.50 |
| RGS | 67.10 | 420.00 | $28,182.00 |
| TST | 13.10 | 345.00 | $4,519.50 |
| Subtotal Fees: | 111.10 | | $39,328.00 |

Total other charges for this matter     $2,172.88

| TOTAL FEES | 111.10 hrs. | $39,328.00 |
| TOTAL OTHER CHARGES | | $2,172.88 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $1,163.86 |
| TOTAL CHARGES FOR THIS BILL | | $42,664.74 |

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

2563    Global Network
        Communications                        Invoice #    70116                                Page 5

     NET BALANCE FORWARD                                                    $120,911.00
     **TOTAL BALANCE NOW DUE**                                              **$163,575.74**

Next months bill will reflect payments received after:    08/24/2005    **"All amounts shown in US
dollars."**

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT P

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

_____

October 26, 2005

Global Network Communications, Inc
Ronald Massie
1080 Leggett Avenue.
Bronx, NY  10474
USA

Billed through       09/30/2005
Invoice Number      70797

Our File#     2563     00001     RGS

General

| | | | |
|---|---|---|---|
| Balance forward as of invoice dated     08/24/05 | | | $163,575.74 |
| Payments applied since last invoice | | | $0.00 |
| | | | ============ |
| Net balance forward | | | $163,575.74 |

FOR PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 08/01/05 | MCM | 0.90 hrs. | 215 | $193.50 |
| 08/01/05 | RGS | 0.90 hrs. | 420 | $378.00 |
| 08/02/05 | MCM | 3.90 hrs. | 215 | $838.50 |
| 08/02/05 | RGS | 2.20 hrs. | 420 | $924.00 |
| 08/03/05 | RGS | 0.30 hrs. | 420 | $126.00 |
| 08/04/05 | RGS | 0.80 hrs. | 420 | $336.00 |
| 08/05/05 | RGS | 0.50 hrs. | 420 | $210.00 |
| 08/08/05 | RGS | 8.80 hrs. | 420 | $3,696.00 |
| 08/08/05 | TST | 0.30 hrs. | 345 | $103.50 |
| 08/09/05 | RGS | 8.20 hrs. | 420 | $3,444.00 |
| 08/09/05 | TST | 0.70 hrs. | 345 | $241.50 |
| 08/11/05 | TST | 0.30 hrs. | 345 | $103.50 |
| 08/12/05 | MCM | 0.20 hrs. | 215 | $43.00 |
| 08/12/05 | TST | 0.40 hrs. | 345 | $138.00 |

REDACTED

2563    Global Network    Invoice #    70797    Page 2
        Communications

| Date | Initials | | Hours | Rate | Amount |
|------|----------|---|-------|------|--------|
| 08/15/05 | TST | | 0.50 hrs. | 345 | $172.50 |
| 08/16/05 | TST | | 1.00 hrs. | 345 | $345.00 |
| 08/18/05 | MCM | | 3.60 hrs. | 215 | $774.00 |
| 08/18/05 | TST | REDACTED | 2.80 hrs. | 345 | $966.00 |
| 08/19/05 | MCM | | 2.70 hrs. | 215 | $580.50 |
| 08/19/05 | RGS | | 0.40 hrs. | 420 | $168.00 |
| 08/19/05 | TST | | 0.50 hrs. | 345 | $172.50 |
| 08/20/05 | TST | | 8.00 hrs. | 345 | $2,760.00 |
| 08/21/05 | RGS | | 2.50 hrs. | 420 | $1,050.00 |
| 08/22/05 | MCM | | 6.40 hrs. | 215 | $1,376.00 |
| 08/22/05 | RGS | | 9.00 hrs. | 420 | $3,780.00 |
| 08/22/05 | TST | | 7.30 hrs. | 345 | $2,518.50 |
| 08/23/05 | MCM | | 4.10 hrs. | 215 | $881.50 |
| 08/23/05 | RGS | | 8.50 hrs. | 420 | $3,570.00 |
| 08/23/05 | TST | | 5.50 hrs. | 345 | $1,897.50 |
| 08/24/05 | MCM | | 3.20 hrs. | 215 | $688.00 |
| 08/24/05 | RGS | | 6.50 hrs. | 420 | $2,730.00 |
| 08/24/05 | TST | REDACTED | 2.00 hrs. | 345 | $690.00 |
| 08/25/05 | MCM | | 11.00 hrs. | 215 | $2,365.00 |
| 08/25/05 | RGS | | 9.50 hrs. | 420 | $3,990.00 |
| 08/25/05 | TST | | 10.00 hrs. | 345 | $3,450.00 |
| 08/26/05 | MCM | | 2.70 hrs. | 215 | $580.50 |
| 08/26/05 | RGS | | 5.20 hrs. | 420 | $2,184.00 |
| 08/31/05 | RGS | | 1.60 hrs. | 420 | $672.00 |
| 09/01/05 | RGS | | 0.70 hrs. | 420 | $294.00 |
| 09/02/05 | RGS | | 0.70 hrs. | 420 | $294.00 |
| 09/06/05 | RGS | | 1.30 hrs. | 420 | $546.00 |

| 2563 | Global Network Communications | Invoice # | 70797 | | | Page 3 |
|---|---|---|---|---|---|---|
| 09/07/05 | RGS | | 2.80 | hrs. | 420 | $1,176.00 |
| 09/08/05 | RGS | | 0.80 | hrs. | 420 | $336.00 |
| 09/13/05 | RGS | | 0.50 | hrs. | 420 | $210.00 |
| 09/14/05 | RGS | | 1.50 | hrs. | 420 | $630.00 |
| 09/19/05 | RGS | | 1.40 | hrs. | 420 | $588.00 |
| 09/20/05 | MCM | REDACTED | 3.90 | hrs. | 215 | $838.50 |
| 09/20/05 | RGS | | 0.90 | hrs. | 420 | $378.00 |
| 09/23/05 | RGS | | 0.20 | hrs. | 420 | $84.00 |
| 09/26/05 | RGS | | 2.50 | hrs. | 420 | $1,050.00 |
| 09/28/05 | RGS | | 6.80 | hrs. | 420 | $2,856.00 |
| 09/29/05 | RGS | | 5.00 | hrs. | 420 | $2,100.00 |
| 09/30/05 | MCM | | 6.20 | hrs. | 215 | $1,333.00 |
| 09/30/05 | RGS | | 9.50 | hrs. | 420 | $3,990.00 |

Total fees for this matter $65,840.50

OUT OF POCKET DISBURSEMENTS

| 07/21/05 | | $40.94 |
|---|---|---|
| 08/02/05 | | $88.26 |
| 08/08/05 | | $45.35 |
| 08/09/05 | | $18.05 |
| 08/18/05 | REDACTED | $5.21 |
| 08/18/05 | | $12.03 |
| 08/19/05 | | $6.02 |
| 08/21/05 | | $21.57 |
| 08/22/05 | | $2.32 |
| 08/22/05 | | $2.61 |

2563    Global Network          Invoice #    70797                    Page 4
        Communications

| 08/23/05 | $26.24 |
| 08/24/05 | $1.64 |
| 08/25/05 | $9.16 |
| 08/25/05 | $0.61 |

REDACTED

| 08/26/05 | $3.24 |
| 08/31/05 | $18.65 |
| 08/31/05 | $2.02 |
| 08/31/05 | $479.25 |
| 09/28/05 | $5.19 |
| 09/30/05 | $1.75 |
| 09/30/05 | $83.94 |
| 09/30/05 | $72.00 |
| 09/30/05 | $22.00 |

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| MCM | 48.80 | 215.00 | $10,492.00 |
| RGS | 99.50 | 420.00 | $41,790.00 |
| TST | 39.30 | 345.00 | $13,558.50 |
| Subtotal Fees: | 187.60 | | $65,840.50 |

Total other charges for this matter                    $968.05

| TOTAL FEES | 187.60 hrs. | $65,840.50 |
| TOTAL OTHER CHARGES | | $968.05 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $1,163.86 |
| TOTAL CHARGES FOR THIS BILL | | $67,972.41 |
| NET BALANCE FORWARD | | $163,575.74 |
| **TOTAL BALANCE NOW DUE** | | **$231,548.15** |

Next months bill will reflect payments received after:    10/26/2005    **"All amounts shown in US dollars."**

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT Q

## Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

December 20, 2005

| | | |
|---|---|---|
| Global Network Communications, Inc | Billed through | 11/30/2005 |
| Ronald Massie | Invoice Number | 71522 |
| 1080 Leggett Avenue. | | |
| Bronx, NY  10474 | | |
| USA | | |

Our File#    2563    00001    RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated    10/26/05 | | $231,548.15 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $231,548.15 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Initials | Hours | Rate | Amount |
|---|---|---|---|---|
| 10/01/05 | RGS | 3.80 hrs. | 420 | $1,596.00 |
| 10/02/05 | MCM | 1.90 hrs. | 215 | $408.50 |
| 10/02/05 | RGS | 6.50 hrs. | 420 | $2,730.00 |
| 10/02/05 | TST | 2.50 hrs. | 345 | $862.50 |
| 10/03/05 | MCM | 1.70 hrs. | 215 | $365.50 |
| 10/03/05 | RGS | 4.00 hrs. | 420 | $1,680.00 |
| 10/07/05 | RGS | 0.10 hrs. | 420 | $42.00 |
| 10/13/05 | RGS | 0.80 hrs. | 420 | $336.00 |
| 10/17/05 | RGS | 1.80 hrs. | 420 | $756.00 |
| 10/24/05 | RGS | 5.80 hrs. | 420 | $2,436.00 |
| 10/25/05 | RGS | 3.50 hrs. | 420 | $1,470.00 |
| 10/26/05 | RGS | 5.40 hrs. | 420 | $2,268.00 |
| 10/27/05 | MCM | 5.80 hrs. | 215 | $1,247.00 |
| 10/27/05 | RGS | 7.00 hrs. | 420 | $2,940.00 |
| 10/28/05 | RGS | 6.80 hrs. | 420 | $2,856.00 |
| 10/30/05 | RGS | 7.00 hrs. | 420 | $2,940.00 |

REDACTED

| 2563 | Global Network Communications | Invoice #    71522 | | | Page 2 |
|------|------|------|------|------|------|

| 10/31/05 | RGS | | 9.00 hrs. | 420 | $3,780.00 |
|----------|-----|--------------------|-----------|-----|-----------|
| 10/31/05 | TST | **REDACTED** | 9.00 hrs. | 345 | $3,105.00 |
| 11/10/05 | RGS | | 0.90 hrs. | 420 | $378.00 |

Total fees for this matter $32,196.50

OUT OF POCKET DISBURSEMENTS

| 09/30/05 | | $43.11 |
|----------|---|--------|
| 10/01/05 | **REDACTED** | $8.45 |
| 10/02/05 | | $5.16 |
| 10/02/05 | | $1.58 |
| 10/02/05 | | $56.52 |
| 10/06/05 | | $8.79 |
| 10/06/05 | | $42.00 |
| 10/06/05 | | $40.00 |
| 10/11/05 | | $689.92 |
| 10/24/05 | | $381.89 |
| 10/27/05 | | $51.39 |
| 10/31/05 | | $1.71 |
| 10/31/05 | | $13.25 |
| 11/01/05 | **REDACTED** | $736.71 |
| 11/02/05 | | $12.08 |
| 11/08/05 | | $0.36 |
| 11/23/05 | | $299.67 |
| 11/23/05 | | $94.44 |

| 2563 | Global Network Communications | Invoice # | 71522 | Page 3 |

| 11/23/05 | | $4.05 |
| 11/23/05 | | $9.70 |
| 11/23/05 | | $40.00 |
| 11/23/05 | REDACTED | $94.00 |
| 11/23/05 | | $56.00 |
| 11/23/05 | | $15.00 |
| 11/30/05 | | $0.74 |
| 11/30/05 | | $21.26 |
| 11/30/05 | | $2.00 |

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| MCM | 9.40 | 215.00 | $2,021.00 |
| RGS | 62.40 | 420.00 | $26,208.00 |
| TST | 11.50 | 345.00 | $3,967.50 |
| Subtotal Fees: | 83.30 | | $32,196.50 |

| Total other charges for this matter | $2,729.78 |

| TOTAL FEES | 83.30 hrs. | $32,196.50 |
| TOTAL OTHER CHARGES | | $2,729.78 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $1,578.87 |
| TOTAL CHARGES FOR THIS BILL | | $36,505.15 |
| NET BALANCE FORWARD | | $231,548.15 |
| **TOTAL BALANCE NOW DUE** | | **$268,053.30** |

Next months bill will reflect payments received after:     12/20/2005     **"All amounts shown in US dollars."**

EXHIBIT R

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

January 26, 2006

Global Network Communications, Inc
Ronald Massie
1080 Leggett Avenue.
Bronx, NY  10474
USA

| | | |
|---|---|---|
| Billed through | | 12/31/2005 |
| Invoice Number | | 71941 |

| Our File# | 2563 | 00001 | RGS |
|---|---|---|---|

General

| | | |
|---|---|---:|
| Balance forward as of invoice dated    12/20/05 | | $268,053.30 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $268,053.30 |

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---:|
| 12/19/05 | RGS | REDACTED | 0.60  hrs. | 420 | $252.00 |
| 12/22/05 | RGS | | 0.30  hrs. | 420 | $126.00 |
| 12/23/05 | RGS | | 2.00  hrs. | 420 | $840.00 |
| | | | | | $1,218.00 |

OUT OF POCKET DISBURSEMENTS

| | |
|---|---:|
| 01/05/05 | $179.65 |
| 12/14/05 | $342.89 |
| 12/14/05 | $376.89 |
| 12/27/05 | $0.06 |
| 12/31/05 | $2.50 |

(REDACTED appears across the disbursements section)

**Matter Fee Summary**

2563    Global Network                      Invoice #    71941                                Page 2
        Communications

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| RGS | 2.90 | 420.00 | $1,218.00 |

Subtotal Fees:          2.90                              $1,218.00

Total other charges for this matter          $901.99

TOTAL FEES                              2.90  hrs.      $1,218.00

TOTAL OTHER CHARGES                                    $901.99
INTEREST CHARGE ON PAST DUE BALANCE                   $2,246.96
TOTAL CHARGES FOR THIS BILL                           $4,366.95

NET BALANCE FORWARD                                  $268,053.30
**TOTAL BALANCE NOW DUE**                            **$272,420.25**

Next months bill will reflect payments received after:    01/26/2006     **"All amounts shown in US dollars."**

EXHIBIT S

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 659-9750

IRS EIN 52-0820071

March 6, 2006

Global Network Communications, Inc
Ronald Massie
1080 Leggett Avenue.
Bronx, NY 10474
USA

Billed through      01/31/2006
Invoice Number      72474

Our File#      2563      00001      RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated 01/26/06 | | $272,420.25 |
| Payments applied since last invoice | | $5,000.00 |
| | | ============ |
| Net balance forward | | $267,420.25 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Atty | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/04/06 | RGS | | 3.20 hrs. | 440 | $1,408.00 |
| 01/05/06 | RGS | | 0.20 hrs. | 440 | $88.00 |
| 01/11/06 | RGS | REDACTED | 0.80 hrs. | 440 | $352.00 |
| 01/13/06 | RGS | | 0.50 hrs. | 440 | $220.00 |
| 01/18/06 | RGS | | 0.80 hrs. | 440 | $352.00 |
| 01/24/06 | RGS | | 1.50 hrs. | 440 | $660.00 |
| 01/25/06 | RGS | | 0.30 hrs. | 440 | $132.00 |
| 01/27/06 | RGS | | 0.50 hrs. | 440 | $220.00 |
| | | Total fees for this matter | | | $3,432.00 |

OUT OF POCKET DISBURSEMENTS

| Date | | Amount |
|---|---|---|
| 01/31/06 | | $10.00 |
| 01/31/06 | | $6.30 |
| 01/31/06 | REDACTED | $45.51 |
| 01/31/06 | | $24.25 |
| 01/31/06 | | $2.00 |

2563    Global Network                    Invoice #    72474                        Page 2
         Communications

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| RGS | 7.80 | 440.00 | $3,432.00 |
| Subtotal Fees: | 7.80 | | $3,432.00 |

Total other charges for this matter                    $88.06


TOTAL FEES                                7.80  hrs.        $3,432.00

TOTAL OTHER CHARGES                                        $88.06
INTEREST CHARGE ON PAST DUE BALANCE                        $2,596.22
TOTAL CHARGES FOR THIS BILL                                $6,116.28

NET BALANCE FORWARD                                        $267,420.25
**TOTAL BALANCE NOW DUE**                                  **$273,536.53**

Next months bill will reflect payments received after:    03/06/2006        **"All amounts shown in US dollars."**

EXHIBIT T

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

---

March 14, 2006

| | |
|---|---|
| Global Network Communications, Inc | Billed through 02/28/2006 |
| Ronald Massie | Invoice Number 72579 |
| 1080 Leggett Avenue. | |
| Bronx, NY  10474 | |
| USA | |

Our File#     2563     00001     RGS

General

| | |
|---|---|
| Balance forward as of invoice dated     03/06/06 | $273,536.53 |
| Payments applied since last invoice | $0.00 |
| | ============ |
| Net balance forward | $273,536.53 |

FOR PROFESSIONAL SERVICES RENDERED

Total fees for this matter          $0.00

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| Subtotal Fees: | 0.00 | | $0.00 |

| | | |
|---|---|---|
| TOTAL FEES | 0.00  hrs. | $0.00 |
| TOTAL OTHER CHARGES | | $0.00 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $2,589.89 |
| TOTAL CHARGES FOR THIS BILL | | $2,589.89 |
| NET BALANCE FORWARD | | $273,536.53 |
| **TOTAL BALANCE NOW DUE** | | **$276,126.42** |

Next months bill will reflect payments received after:     03/14/2006          **"All amounts shown in US dollars."**

EXHIBIT U

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

April 26, 2006

Global Network Communications, Inc
Ronald Massie
1080 Leggett Avenue.
Bronx, NY  10474
USA

Billed through   03/31/2006
Invoice Number   73253

Our File#    2563    00001    RGS

General

| | |
|---|---|
| Balance forward as of invoice dated    03/14/06 | $276,126.42 |
| Payments applied since last invoice | $0.00 |
| | ============ |
| Net balance forward | $276,126.42 |

FOR PROFESSIONAL SERVICES RENDERED

| | | | |
|---|---|---|---|
| 03/09/06 | 0.30 hrs. | 440 | $132.00 |
| | Total fees for this matter | | $132.00 |

OUT OF POCKET DISBURSEMENTS

| | |
|---|---|
| 03/14/06 | $3.28 |
| 03/31/06 | $7.75 |

REDACTED

| | |
|---|---|
| 03/31/06 | $1.00 |
| 03/31/06 | $6.00 |

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| RGS | 0.30 | 440.00 | $132.00 |
| Subtotal Fees: | 0.30 | | $132.00 |

| | |
|---|---|
| Total other charges for this matter | $18.03 |

| | | |
|---|---|---|
| TOTAL FEES | 0.30  hrs. | $132.00 |
| | | |
| TOTAL OTHER CHARGES | | $18.03 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $2,589.89 |
| TOTAL CHARGES FOR THIS BILL | | $2,739.92 |
| | | |
| NET BALANCE FORWARD | | $276,126.42 |
| **TOTAL BALANCE NOW DUE** | | **$278,866.34** |

Next months bill will reflect payments received after:     04/26/2006     **"All amounts shown in US dollars."**

EXHIBIT V

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

July 31, 2006

Global Network Communications, Inc
Ronald Massie
1080 Leggett Avenue.
Bronx, NY  10474
USA

Billed through     06/30/2006
Invoice Number     74540

Our File#     2563     00001     RGS

General

| | | |
|---|---|---|
| Balance forward as of invoice dated | 04/26/06 | $278,866.34 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $278,866.34 |

FOR PROFESSIONAL SERVICES RENDERED

Total fees for this matter     $0.00

OUT OF POCKET DISBURSEMENTS

| | | |
|---|---|---|
| 06/30/06 | REDACTED | $26.93 |
| 06/30/06 | | $3.50 |

## Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| Subtotal Fees: | 0.00 | | $0.00 |

Total other charges for this matter     $30.43

| | | |
|---|---|---|
| TOTAL FEES | 0.00  hrs. | $0.00 |
| TOTAL OTHER CHARGES | | $30.43 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $2,626.59 |
| TOTAL CHARGES FOR THIS BILL | | $2,657.02 |

2563    Global Network                  Invoice #    74540                                    Page 2
        Communications

        NET BALANCE FORWARD                                                    $278,866.34
        **TOTAL BALANCE NOW DUE**                                             **$281,523.36**

Next months bill will reflect payments received after:    07/31/2006    **"All amounts shown in US dollars."**

# EXHIBIT W

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

August 28, 2006

| | | |
|---|---|---|
| Global Network Communications, Inc | Billed through | 07/31/2006 |
| Ronald Massie | Invoice Number | 74942 |
| 1080 Leggett Avenue. | | |
| Bronx, NY  10474 | | |
| USA | | |

Our File#     2563     00001     RGS

General

| | |
|---|---|
| Balance forward as of invoice dated    07/31/06 | $281,523.36 |
| Payments applied since last invoice | $0.00 |
| | ============ |
| Net balance forward | $281,523.36 |

FOR PROFESSIONAL SERVICES RENDERED

| | | | | |
|---|---|---|---|---|
| 07/21/06    TST    REDACTED | 0.50 hrs. | 375 | $187.50 |
| | Total fees for this matter | | $187.50 |

OUT OF POCKET DISBURSEMENTS

| | |
|---|---|
| 07/31/06 | $0.39 |
| 07/31/06 | $10.00 |
| REDACTED | |
| 07/31/06 | $0.50 |
| 07/31/06 | $2.00 |

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| TST | 0.50 | 375.00 | $187.50 |
| Subtotal Fees: | 0.50 | | $187.50 |

| | |
|---|---|
| Total other charges for this matter | $12.89 |

2563     Global Network                    Invoice #    74942                              Page 2
         Communications

TOTAL FEES                                    0.50  hrs.              $187.50

TOTAL OTHER CHARGES                                                   $12.89
INTEREST CHARGE ON PAST DUE BALANCE                               $2,626.59
TOTAL CHARGES FOR THIS BILL                                       $2,826.98

NET BALANCE FORWARD                                             $281,523.36
**TOTAL BALANCE NOW DUE**                                      **$284,350.34**

Next months bill will reflect payments received after:    08/28/2006    **"All amounts shown in US dollars."**

EXHIBIT X

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

September 19, 2006

| | | |
|---|---|---|
| Global Network Communications, Inc | Billed through | 08/31/2006 |
| Ronald Massie | Invoice Number | 75079 |
| 1080 Leggett Avenue. | | |
| Bronx, NY  10474 | | |
| USA | | |

| | | | | |
|---|---|---|---|---|
| | Our File# | 2563 | 00001 | RGS |

**General**

| | | |
|---|---|---|
| Balance forward as of invoice dated | 08/28/06 | $284,350.34 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $284,350.34 |

FOR PROFESSIONAL SERVICES RENDERED

| | |
|---|---|
| Total fees for this matter | $0.00 |

OUT OF POCKET DISBURSEMENTS

| | | |
|---|---|---|
| 08/31/06 | REDACTED | $0.63 |
| 08/31/06 | | $12.25 |

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| Subtotal Fees: | 0.00 | | $0.00 |

| | |
|---|---|
| Total other charges for this matter | $12.88 |

| | | |
|---|---|---|
| TOTAL FEES | 0.00  hrs. | $0.00 |
| TOTAL OTHER CHARGES | | $12.88 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $2,626.59 |
| TOTAL CHARGES FOR THIS BILL | | $2,639.47 |

2563     Global Network                    Invoice #     75079                              Page 2
         Communications

           NET BALANCE FORWARD                                                    $284,350.34
           **TOTAL BALANCE NOW DUE**                                              **$286,989.81**

Next months bill will reflect payments received after:     09/19/2006          **"All amounts shown in US
                                                                                  dollars."**

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

EXHIBIT Y

## Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

January 22, 2007

| | | |
|---|---|---|
| Global Network Communications, Inc | Billed through | 11/30/2006 |
| Ronald Massie | Invoice Number | 76602 |
| 1080 Leggett Avenue. | | |
| Bronx, NY  10474 | | |
| USA | | |

| | | | |
|---|---|---|---|
| Our File# | 2563 | 00001 | RGS |

General

| | | |
|---|---|---|
| Balance forward as of invoice dated   09/19/06 | | $286,989.81 |
| Payments applied since last invoice | | $0.00 |
| | | ============ |
| Net balance forward | | $286,989.81 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | Atty | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 09/18/06 | RGS | | 0.50 hrs. | 440 | $220.00 |
| 09/25/06 | DR | REDACTED | 6.60 hrs. | 160 | $1,056.00 |
| 09/26/06 | DR | | 6.40 hrs. | 160 | $1,024.00 |
| 09/27/06 | DR | | 3.70 hrs. | 160 | $592.00 |
| 09/29/06 | RGS | | 1.00 hrs. | 440 | $440.00 |
| 09/29/06 | DR | | 5.50 hrs. | 160 | $880.00 |
| 10/02/06 | DR | | 4.30 hrs. | 160 | $688.00 |
| 10/03/06 | RGS | | 0.80 hrs. | 440 | $352.00 |
| 10/03/06 | DR | | 5.90 hrs. | 160 | $944.00 |
| 10/04/06 | DR | REDACTED | 6.50 hrs. | 160 | $1,040.00 |
| 10/05/06 | DR | | 1.00 hrs. | 160 | $160.00 |
| 10/06/06 | DR | | 5.40 hrs. | 160 | $864.00 |
| 10/20/06 | DR | | 1.70 hrs. | 160 | $272.00 |

| 2563 | Global Network Communications | | | Invoice #   76602 | | | Page 2 |
|---|---|---|---|---|---|---|---|
| 10/27/06 | DR | | | | 2.50 hrs. | 160 | $400.00 |
| | | REDACTED | | | | | |
| 10/31/06 | RGS | | | | 0.50 hrs. | 440 | $220.00 |
| 10/31/06 | DR | | | | 6.90 hrs. | 160 | $1,104.00 |

Total fees for this matter     $10,256.00

OUT OF POCKET DISBURSEMENTS

| 09/25/06 | $219.94 |
|---|---|
| 09/26/06 | $11.27 |
| 09/27/06 | $23.57 |
| 09/30/06 | $7.00 |
| 10/05/06 | $0.44 |
| 10/16/06 | $26.77 |
| 11/07/06 | $3.26 |

REDACTED

### Matter Fee Summary

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---|---|---|---|
| DR | 56.40 | 160.00 | $9,024.00 |
| RGS | 2.80 | 440.00 | $1,232.00 |
| Subtotal Fees: | 59.20 | | $10,256.00 |

Total other charges for this matter     $292.25

| TOTAL FEES | 59.20  hrs. | $10,256.00 |
|---|---|---|
| TOTAL OTHER CHARGES | | $292.25 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $2,629.03 |
| TOTAL CHARGES FOR THIS BILL | | $13,177.28 |
| NET BALANCE FORWARD | | $286,989.81 |
| **TOTAL BALANCE NOW DUE** | | **$300,167.09** |

Next months bill will reflect payments received after:   01/22/2007     **"All amounts shown in US dollars."**

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

# EXHIBIT Z

# Cole, Raywid & Braverman, L.L.P.

ATTORNEYS AT LAW
1919 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C.  20006
(202) 659-9750

IRS EIN 52-0820071

---

January 25, 2007

Global Network Communications, Inc
Ronald Massie
1080 Leggett Avenue.
Bronx, NY  10474
USA

| | |
|---|---|
| Billed through | 12/31/2006 |
| Invoice Number | 76703 |

Our File#     2563     00001     RGS

General

| | |
|---|---|
| Balance forward as of invoice dated     01/22/07 | $300,167.09 |
| Payments applied since last invoice | $0.00 |
| | ============ |
| Net balance forward | $300,167.09 |

FOR PROFESSIONAL SERVICES RENDERED

| Date | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/06/06 | DR | | 0.20 hrs. | 160 | $32.00 |
| 12/07/06 | RGS | REDACTED | 1.00 hrs. | 440 | $440.00 |
| 12/11/06 | RGS | | 1.50 hrs. | 440 | $660.00 |
| 12/15/06 | RGS | | 0.50 hrs. | 440 | $220.00 |
| | | | | | $1,352.00 |

OUT OF POCKET DISBURSEMENTS

| Date | | Amount |
|---|---|---|
| 12/01/06 | | $0.34 |
| 12/31/06 | | $1.00 |
| 12/31/06 | REDACTED | $3.00 |
| 12/31/06 | | $4.50 |
| 12/31/06 | | $27.00 |

2563    Global Network                       Invoice #     76703                                   Page 2
        Communications

**Matter Fee Summary**

| Attorney Name | Total Hours | Hourly Rate | Total Amount |
|---------------|-------------|-------------|--------------|
| DR | 0.20 | 160.00 | $32.00 |
| RGS | 3.00 | 440.00 | $1,320.00 |
| Subtotal Fees: | 3.20 | | $1,352.00 |

Total other charges for this matter                    $35.84

| | | |
|---|---|---|
| TOTAL FEES | 3.20  hrs. | $1,352.00 |
| TOTAL OTHER CHARGES | | $35.84 |
| INTEREST CHARGE ON PAST DUE BALANCE | | $2,629.03 |
| TOTAL CHARGES FOR THIS BILL | | $4,016.87 |
| NET BALANCE FORWARD | | $300,167.09 |
| **TOTAL BALANCE NOW DUE** | | **$304,183.96** |

Next months bill will reflect payments received after:     01/25/2007      **"All amounts shown in US
dollars."**

PAYMENT TERMS ARE NET 15 DAYS.
SERVICE CHARGE ASSESSED ON BALANCE AFTER 45 DAYS.  DISBURSEMENTS MAY
APPEAR ON LATER STATEMENT.  PLEASE RETURN DUPLICATE COPY WITH YOUR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | |
| ) | |
| RONALD E. MASSIE ) | Case No. 1:08-cv-00116-EGS |
| and ) | |
| GLOBAL NETWORK COMMUNICATIONS, ) | |
| INC. ) | |
| ) | |
|    Defendants ) | |

## DECLARATION OF SCOTT FLICHTBEIL

I, Scott Flichtbeil, declare under penalty of perjury as follows:

1.    I am employed by Davis Wright Tremaine LLP, Suite 2200, 1201 Third Avenue, Seattle, Washington 98101-3045, as a Financial Analyst. I have been employed by Davis Wright in this capacity since 2006.

2.    I received a B.A. in Business Administration from the University of Puget Sound.

3.    In my capacity as a Financial Analyst, I regularly calculate interest owed on client accounts.

4.    I have reviewed the Declaration of Gus Kringen submitted in this case ("Kringen Declaration"). I have used the invoice amounts and dates and payment amounts and dates contained in the Kringen Declaration to calculate interest accrued for unpaid legal fees and expenses. The amount of interest owed is $38,642.04.

5.    This interest calculation was made pursuant to ordinary professional standards for cash flow methodology for simple interest calculation.

6. This interest calculation reflects simple interest at a rate of 6% per annum.

7. In making the interest calculation, I allowed for a sixty-day grace period following the issue date of each invoice before I began computing interest.

8. In making the interest calculation, I applied payments received to the principal, such that when a payment was processed, it diminished the principal on which interest was charged from the date of processing. In other words, I only calculated interest on the principal outstanding at any point, which diminished when payments were received.

9. In making the interest calculation, I applied payments received against outstanding principal, rather than against outstanding interest. As a result, the interest calculation produced a lower amount (*i.e.*, an amount more favorable to Defendants) than the interest amount that would have resulted if payments were applied against outstanding interest.

10. In making the interest calculation, I did not calculate any interest accrued on legal fees and expenses incurred as a result of this collection litigation. The $38,642.04 figure represents only interest accrued on legal fees and expenses incurred by Plaintiff Cole Raywid & Braverman, LLP's representation of Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2008

Scott Flichtbeil

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD E. MASSIE | )     Case No. 1:08-cv-00116-EGS |
| and | ) |
| GLOBAL NETWORK COMMUNICATIONS, | ) |
| INC., | ) |
| | ) |
| Defendants | ) |
| | ) |

### [PROPOSED] ORDER

Pursuant to Federal Rule of Civil Procedure 55, it is HEREBY ORDERED that judgment by default is entered against Defendant Ronald E. Massie in the amount of $319,719.89.

It is FURTHER ORDERED that judgment by default is entered against Defendant Global Network Communications, Inc. in the amount of $319,719.89.

_____

Copies to:

Ronald G. London
David M. Shapiro
Davis Wright Tremaine LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C.  20006
(202) 973-4200

Ronald E. Massie
451 Mansfield Ave
Darien, CT 06820-2115

Global Network Communications, Inc.
1080 Leggett Avenue
Bronx, NY 10474