UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COLE RAYWID & BRAVERMAN, LLP,       :
                                    :
        Plaintiff,                  :
V.                                  :   Case No. 1:08-cv-00116-EGS
                                    :
RONALD E. MASSIE, et al.,           :
                                    :
        Defendants.                 :
                                    :   JUNE 13, 2008

## MOTION TO SET ASIDE DEFAULT

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("Rule 55(c)"), Defendant Ronald E. Massie and Global Network Communications, Inc. ("Defendants") hereby move to set aside the entry of default against them entered on April 8, 2008 (the "Default") and state as reasons therefor:

1.   Resolving disputes by default is disfavored because of the strong policies favoring the resolution of genuine disputes on their merits. Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980). Under Rule 55(c), an entry of default may be set aside for good cause shown. Harris v. District of Columbia, 159 F.R.D. 315 (D.D.C. 1995). Trial courts have discretion in deciding whether or not to set aside an entry of default. Bennett v. U.S., 462 F. Supp.2d 35, 37 (D.D.C. 2006); Asia North American Eastbound Rate Agreement v. BJI Industries, Inc., 900 F. Supp. 507, 510 (D.D.C. 1995). Where a default judgment has been entered, it may also be set aside in accordance with Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). Rule 60(b) provides for relief based on "mistake, inadvertence, surprise or excusable neglect," (Rule

60(b)(1)) or for "any other reason justifying relief from the operation of judgment," (Rule 60(b)(6)). In applying the "good cause" inquiry in the context of Rules 55(c) and 60(b), courts examine (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Whittaker v. District of Columbia, 228 F.R.D. 378 (D.D.C. 2005); Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980). In deciding whether or not to set aside default, courts must weight the competing principles of "maintain[ing] a balance between clearing its calendar and affording litigants a reasonable chance to be heard." See Enron Oil Corp. v. Diakuhara, 10 F. 3d 90, 96 (2d Cir. 1993). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of the default would bring about a harsh or unfair result." Id. at 97 citing Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986).

    2.    Good cause exists to set aside the Default. Plaintiff Cole Raywid & Baverman, LLP ("Plaintiff") seeks to recover amounts allegedly due it under an agreement with Defendants for legal services. Plaintiff, by all accounts, was a prominent Washington law firm which has subsequently been absorbed by its counsel. Defendants have found it exceptionally difficult to retain counsel admitted to practice before the Bar of this Court to take on their representation. Local attorneys, given the nature of the action and the identity of Plaintiff, have either refused representation altogether, identified conflicts which would bar or limit their representation, or placed extremely burdensome economic prerequisites on any engagement. As a result, Defendants have been forced to hire counsel from outside the Washington area to represent them.

3. Defendants' counsel of choice was admitted to this Court on June 2, 2008. Plaintiff's counsel consented to a delay of this action to allow for Defendants' counsel to appear. In consultations with Defendants' counsel, Plaintiff's counsel has voiced no objection to this motion and has expressed an eagerness to move on to the merits of this dispute. Plaintiff will therefore suffer no substantial prejudice should this Motion be granted.

4. Defendants certify to this Court that they have meritorious defenses to Plaintiffs allegations. Pursuant to LCvR 7(g), Defendants have filed this day a verified answer to the Complaint. In it, Defendants articulate numerous meritorious defenses and set-offs to Plaintiff's claims. More specifically, Defendants raise a defense based on the parties' agreement to arbitrate disputes arising out of their relationship.

5. Defendants therefore satisfy all the standards outlined by Rule 55(c). It follows that this motion should be granted.

WHEREFORE, the Default should be set aside.

Respectfully submitted,

LAW OFFICES OF STEPHEN J. CURLEY, LLC

/s/ Stephen J. Curley
Stephen J. Curley – DC Bar 473869
733 Summer Street, Suite 403
Stamford, CT 06901
(203) 327-1317

ATTORNEYS FOR DEFENDANTS

Copies to:

Ronald G. London, Esq.
Daivd M. Shapiro, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
(202) 973-4200

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion to Set Aside Default was sent, via first class mail, postage prepaid, and electronic delivery, this 13th day of June, 2008, to the following:

Ronald G. London, Esq.
Daivd M. Shapiro, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006

/s/ Stephen J. Curley
Stephen J. Curley