UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COLE RAYWID & BRAVERMAN, LLP, :
:
    Plaintiff, :
V. : Case No. 1:08-cv-00116-EGS
:
RONALD E. MASSIE, et al., :
:
    Defendants. :
: JUNE 13, 2008

## VERIFIED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ronald E. Massie and Global Network Communications, Inc. ("Defendants") hereby answer and assert affirmative defenses to Plaintiff Cole Raywid & Braverman's ("Plaintiff") January 18, 2008 Complaint (the "Complaint").

### ANSWER

1. Defendants admit to the execution of the documents attached as Exhibits A, B and C. The remaining allegations are legal conclusions that Defendants can neither admit nor deny.

### PARTIES

2. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Defendants admit that Global is a New York corporation with its principal place of business in New York. Defendants admit that Massie is a resident of the State of Connecticut. As to the allegation regard Plaintiff's citizenship, Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof. The remaining allegations are legal conclusions that Defendants can neither admit nor deny.

6. The allegations constitute legal conclusions that Defendants can neither admit nor deny.

## FACTS

7. Admitted.

8. Defendants admit to the execution of Exhibit A, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

9. Exhibit A speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

10. Exhibit A speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

11. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

12. Defendants admit that Global agreed to pay Plaintiff $39,000.00 in addition to all funds Global had previously provided to Plaintiff in or around November, 2003. The remaining allegations are denied.

13. Admitted.

14. Defendants admit that subsequent to November, 2003 Plaintiff continued to provide legal services to Defendants and Defendants made payments to Plaintiff. The remaining allegations are denied.

15. Defendants admit that Massie executed Exhibit C, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

16. Exhibit C speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

17. Defendants admit that Global executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

18. Defendants admit that Global executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

19. Defendants admit that Global executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

20. Defendants admit that Global executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

21. Defendants admit that Global executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

22. Defendants admit that Global executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

23. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

24. Defendants admit that Defendants have made payments to Plaintiff from time to time. As to the remaining allegations, Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

25. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

26. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

27. Defendants admit to the execution of Exhibits A and B, which speak for themselves. To the extent that the allegations differ from the terms of those documents, they are denied.

28. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

29. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

30. Defendants do not have the knowledge required to admit or deny the allegations and therefore leave Plaintiff to its proof.

31. Defendants admit that Massie transmitted Exhibits E, F and G in the course of settlement negotiations with Plaintiff. Defendants also admit that a payment was made to Plaintiff on or around February, 2006. The remaining allegations are denied.

32. Defendants admit that Plaintiff has demanded payment from time to time. The remaining allegations are denied.

33. Admitted.

34. Exhibits A, B and C speak for themselves. To the extent that the allegations differ from those terms, they are denied. Defendants do not admit that they received Exhibit H, which otherwise speaks for itself.

35. Denied.

36. Denied.

## COUNT I

37. Defendants incorporate their responses to Paragraphs 1 through 36, inclusive as though fully set forth herein.

38. The allegations constitute legal conclusions which Defendants can neither admit not deny.

39. Exhibits A and B speak for themselves. To the extent that the allegations differ from those documents, they are denied.

40. Exhibits A and B speak for themselves. To the extent that the allegations differ from those documents, they are denied.

41. Defendants admit that Plaintiff rendered legal services to them from time to time between 2003 and 2007. Defendants are without the knowledge needed to admit or deny the remaining allegations and therefore leave Plaintiff to its proof.

42. Admitted.

43. Defendants admit that from time to time Plaintiff demanded payment. Defendants deny the remaining allegations.

44. Denied.

45. Denied.

## COUNT II

46. Defendants incorporate their responses to Paragraphs 1 through 45, inclusive as though fully set forth herein.

47. Defendants admit that Massie executed Exhibit B, which speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

48. Defendants incorporate their responses to Paragraphs 1 through 36, inclusive as though fully set forth herein.

49. The allegations constitute legal conclusions which Defendants can neither admit nor deny.

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

## COUNT III

54. Defendants incorporate their responses to Paragraphs 1 through 53, inclusive as though fully set forth herein.

55. Defendants admit that from time to time between 2003 and 2007, Plaintiff provided legal services to them. As to the remaining allegations, Defendants are without the knowledge needed to admit or deny the remaining allegations and therefore leave Plaintiff to its proof.

56. Admitted.

57. Denied.

58. Defendants have paid Plaintiff for the fair and reasonable value of its services.

59. Denied.

## COUNT IV

60. Defendants incorporate their responses to Paragraphs 1 through 59, inclusive as though fully set forth herein.

61. Denied.

## COUNT V

62. Defendants incorporate their responses to Paragraphs 1 through 61, inclusive as though fully set forth herein.

63. Defendants are without the knowledge needed to admit or deny the allegations and therefore leave Plaintiff to its proof.

64. Exhibits A and B speak for themselves. To the extent that the allegations differ from the terms of those documents, they are denied.

65. Exhibit C speaks for itself. To the extent that the allegations differ from the terms of that document, they are denied.

66. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court is without subject matter jurisdiction over this matter as the parties agreed to arbitrate any dispute between them pursuant to the terms of Exhibits A, B and C.

SECOND AFFIRMATIVE DEFENSE

Plaintiff is stopped from seeking the relief it requests as it has acknowledged to Defendants that the fair and reasonable value of the putative services it provided to them is less than $300,000.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction. On numerous occasions, Plaintiff accepted payment from Defendant for invoices rendered on a reduced or discounted basis.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of payment. On numerous occasions, Plaintiff has accepted reduced or discounted payments from Defendants on invoices.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claim for unjust enrichment fails to state a cause of action for which relief may be granted. Specifically, Plaintiff prays for equitable relief in the same count in which it also alleges the existence of several express agreements between the parties. Moreover, Plaintiff's cause of action sounds in unjust enrichment even though it seeks a judgment for the fair and reasonable value of its services. Such relief traditionally sounds in quantum meruit.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's equitable claim for unjust enrichment is barred by the doctrine of unclean hands. Plaintiff artificially inflated hours and rates in order to increase the amount it invoiced Defendants.

SEVENTH AFFIRMATIVE DEFENSE

As a set-off, Plaintiff's claims should be reduced or eliminated by the amount of money Defendants overpaid Plaintiff during the course of their relationship.

WHEREFORE, Defendants demand that the Complaint be dismissed and that judgment enter on their behalf.

Respectfully submitted,

LAW OFFICES OF STEPHEN J. CURLEY, LLC

/s/ Stephen J. Curley
Stephen J. Curley – DC Bar 473869
733 Summer Street, Suite 403
Stamford, CT 06901
(203) 327-1317

ATTORNEYS FOR DEFENDANTS

Copies to:

Ronald G. London, Esq.
Daivd M. Shapiro, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
(202) 973-4200

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June /3, 2008.

Ronald E. Massie
on behalf of Defendants

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Verified Answer and Affirmative Defenses was sent, via first class mail, postage prepaid, and electronic delivery, this 13th day of June, 2008, to the following:

Ronald G. London, Esq.
Daivd M. Shapiro, Esq.
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006

/s/ Stephen J. Curley
Stephen J. Curley