IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RONALD E. MASSIE )<br>and )<br>GLOBAL NETWORK COMMUNICATIONS, )<br>INC., )<br>)<br>Defendants )<br>) | Case No. 1:08-cv-00116-EGS |

**JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3**

Pursuant to Local Civil Rule 16.3, the parties respective counsel conferred by telephone on August 1, 2008, and discussed the matters outlined in LcvR 16.3(c). The following is a summary of that meeting.

1. **Dispositive Motions.** Plaintiff Cole Rawyid & Braverman ("Plaintiff") may file a motion for summary judgment following discovery, but it is not anticipated that any pre-discovery dispositive motions will be filed. As such, the parties agree that discovery need not await a decision on dispositive motions.

2. **Joinder of Parties and Narrowing of Issues.** Plaintiff does not intend to amend the Complaint, and Plaintiff and Defendants do not intend to join other parties. An order precluding joinder or amendment would therefore be appropriate. The parties agree that the Fee Agreement, Amended Fee Agreement, and Guaranty (Exhibits A, B, and C to the Complaint) were validly executed and that legal work was performed by Plaintiff for Defendant Global

Network Communications, Inc. ("Global"), pursuant to the Fee Agreement and Amended Fee Agreement. Thus, the only issues in dispute are (1) whether Global and Defendant Ronald E. Massie ("Massie") are indebted to Plaintiff, and (2) if so, the extent of the indebtedness.

3. **Assignment to Magistrate Judge.** At this time, the parties believe that the case may be assigned to a Magistrate Judge for any part of the case other than dispositive motions (if any) and trial.

4. **Settlement.** The parties have engaged in settlement discussions and have made progress towards resolving their dispute; there remains a possibility of concluding a settlement of the dispute through mediation.

5. **ADR.** The parties agree that non-binding mediation could help resolve their remaining differences and would request that such mediation proceed as expeditiously as possible.

6. **Summary Judgment.** The parties agree that summary judgment motions should be due on January 30, 2009, oppositions on February 10, 2009, and replies on February 18, 2009. The parties request a decision on any motions for summary judgment by March 31, 2009

7. **Initial Disclosures.** The parties agree to dispense with the initial disclosures otherwise required by Federal Rule of Civil Procedure 26.1.

8. **Discovery Schedule.** The parties agree that discovery should close on January 2, 2009.

9. **Expert Witnesses.** The parties agree that the provisions of Rule 26(a)(2) should apply to expert witness disclosures and reports, that such disclosures and reports will be due November 17, 2008, and that rebuttal expert disclosures and report will be due November 26, 2008.

10. **Class Action issues.** The parties agree that this case should not proceed as a class action.

11. **Bifurcation.** The parties agree that discovery should not be bifurcated. Plaintiff's claims include: (1) the primary claim for an unpaid balance for legal fees and expenses performed for Defendants ("pre-litigation liability") and (2) a claim for attorneys' fees and expenses during and in preparation for this litigation ("attorneys' fees and expenses"). The parties agree that the fact and amount of pre-litigation liability and the fact of liability for attorneys' fees and expenses should be determined simultaneously. Only after such determinations are made should there be a determination of the amount of liability for attorneys' fees and expenses, if any.

12. **Pretrial Conference.** The parties request that a pre-trial conference be held on or about April 30, 2009.

13. **Trial Date.** The parties agree that a trial date should be set at the pretrial conference rather than the scheduling conference.

14. **Other Matters.** The parties agree that there are no other matters for the Court's consideration at this time.

DATED this 8th day of August, 2008

Respectfully submitted,

| DAVIS WRIGHT TREMAINE LLP | LAW OFFICES OF STEPHEN J. CURLEY LLC |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Ronald G. London – D.C. Bar No. 456284 | Stephen J. Curley – DC Bar 473869 |
| David M. Shapiro – D.C. Bar. No. 501909 | 733 Summer Street, Suite 403 |
| 1919 Pennsylvania Ave., N.W. Suite 200 | Stamford, CT 06901 |
| Washington, D.C. 20006 | (203) 327-1317 |
| (202) 973-4200 | |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLE RAYWID & BRAVERMAN, LLP )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>RONALD E. MASSIE )<br>and )<br>GLOBAL NETWORK COMMUNICATIONS, )<br>INC., )<br>)<br>    Defendants )<br>) | Case No. 1:08-cv-00116-EGS |

**JOINT PROPOSED SCHEDULING ORDER**

Following receipt of the parties' report submitted pursuant to LcvR 16.3, and being fully advised in the premises, the Court enters this initial scheduling order:

1. **Dispositive Motions**. It appears that the Plaintiff may file a summary judgment motion after the close of discovery. Any party may file a summary judgment motion prior to the deadline set below.

2. **Joinder and Amendment**. The parties have advised the Court that they do not intend to amend the pleadings or join other parties. Accordingly, no such joinder or amendment will be allowed.

3. **Assignment to Magistrate Judge**. This case may be assigned to a Magistrate Judge for any matters other than dispositive motions and trial.

4. **Settlement**. The parties are directed to continue settlement discussions independently and through mediation, as stated below.

5. **ADR.** This case will be assigned to non-binding mediation on the most expeditious schedule possible.

6. **Summary Judgment.** Summary judgment motions will be due no later than January 30, 2009, oppositions by February 10, 2009, and replies by February 18, 2009.

7. **Initial Disclosures.** The initial disclosures required by Rule 26.1 of the Federal Rules are dispensed with.

8. **Discovery Schedule.** Discovery will close on January 2, 2009.

9. **Expert Witnesses.** The provisions of Rule 26(a)(2) will apply to expert witness disclosures and reports. Disclosures and reports from experts will be due November 17, 2008, and disclosures and reports from rebuttal experts will be due on November 26, 2008.

10. **Class Action Issues.** This case will not proceed as a class action.

11. **Bifurcation.** Discovery will not be bifurcated. Plaintiff's claims include: (1) the primary claim for an unpaid balance for legal fees and expenses performed for Defendants ("pre-litigation liability") and (2) a claim for attorneys' fees and expenses during and in preparation for this litigation ("attorneys' fees and expenses"). The fact and amount of pre-litigation liability and the fact of liability for attorneys' fees and expenses shall be determined simultaneously. Only after such determinations are made shall there be a determination of the amount of liability for attorneys' fees and expenses, if any.

12. **Pretrial Conference.** A pretrial conference will be held on _____ _____, 2009.

**13.** **Trial Date.** A trial date will be set at the pretrial conference.

Dated this __ day of ____, 2008

_____

Emmet G. Sullivan
United States District Judge

Copies to:

Ronald G. London – D.C. Bar No. 456284
David M. Shapiro – D.C. Bar. No. 501909
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W. Suite 200
Washington, D.C. 20006
(202) 973-4200
*Attorney for Plaintiffs*

Stephen J. Curley – DC Bar 473869
LAW OFFICES OF STEPHEN J. CURLEY LLC
733 Summer Street, Suite 403
Stamford, CT 06901
(203) 327-1317
*Attorney for Defendant*